ENOCH WOODBRIDGE, Appellant,

*against*

APOLLOS AUSTIN, Appellee.

When a demand is barred by the existing laws of a foreign country, where the contract wasmade, it cannot be revived by transferring it to an inhabitant of this State.

CASE on a promissory note, endorsee against promisor, with plea of set-off.

The plaintiff declared upon a promissory note, dated at *Quebec*, *November* 1, 1790, made by the defendant to *Thomas Aylwin*, or order, for the sum of 251*l.* 11*s.* 9*d.* *Halifax* currency, payable on the 13th of *June* following. That since the decease of *Aylwin*, to wit, on the 22d day of *February*, 1793, the contents being then due and unpaid, *John William Woolsey*, curator on the estate of *Aylwin*, appointed and authorized by the laws of the *British* Province of *Lower Canada*, for a valuable consideration by his endorsement under his hand made, ordered the contents to be paid to the plaintiff, of which the defendant had notice, &c. and therefore, &c.

Writ dated 17th of *February*, 1794.

To this declaration the defendant pleaded the general issue, (which was joined by the plaintiff,) and filed a declaration in set-off, protesting that the note above declared upon was and is the property of *John W. Woolsey*, in his capacity of curator on the estate of *Thomas Aylwin*, and that *J. W. Woolsey* endorsed the same to the plaintiff in trust to be collected for the use and benefit of *Aylwin's* estate ; and then declares, that *Thomas Aylwin*, in his life-time, to wit, on the 14th of *November*, 1789, at *Quebec*, in the *British* Province of *Lower Canada*, made his certain promissory note of that date to *Simeon Frazer* and *John Young*, merchants, trading in company under

the name and firm of *Frazer & Young*, by which he <span style="float:right">Woodbridge<br>v.<br>Austin.</span> promised to pay them or order, 400*l. Halifax* currency, with interest, on the first day of *June* then next following. That on the 14th of *November*, 1789, the contents of the same note being fully due and unpaid, the said *Frazer & Young*, for a valuable consideration, by their certain endorsement on the same note in their hand-writing by one of the said copartners in the name of said firm made, ordered the contents to be paid to the defendant, of which the said *Aylwin* in his life-time had due notice, and likewise the said *J. W. Woolsey*, in his capacity of curator as aforesaid, since the said *Aylwin's* decease. Then raises the liability and consequent promise in the usual form, and prays that the contents of the same note may be set off against the plaintiff's demand.

To this declaration in set-off, the plaintiff pleaded *non assumpsit*, with a counter *protestando*, and issue joined.

It was conceded by the defendant, that he made the note declared upon ; but he called upon the plaintiff to show that his endorsor was curator to the estate of *Aylwin* the intestate, and as such had a legal right to endorse the note declared upon.

*Et per Curiam.* This is not a common endorsement by the custom of merchants. The endorsee's interest in the note must be shown to entitle him to a recovery, and this cannot be shown but by showing an interest in it, and a right to transfer such interest in the endorsor. The declaration alleges no interest

<div style="float:right;width:40%">Where a promissory note is not negotiated by the custom of merchants, the endorsee's interest in the note must be made to appear, and the particular power of the endorsor must be shown.</div>

which *Woolsey* had in the note, excepting what is derived to him by operation of law, as curator or administrator of the payee's estate. It is incumbent on the plaintiff to show that *J. W. Woolsey* was curator at the time of the endorsement, and as such that he had power to endorse promissory notes made to his intestate as incident to his trust.

The plaintiff now exhibited a copy of the proceedings of two of the Judges of the Court of Common Pleas of the Province of *Lower Canada*, certified by the Clerk of the Court, by which it appeared, that *J. W. Woolsey* had been elected by the heirs of *Aylwin*, and duly appointed curator to his estate.

The defendant's counsel took several exceptions to the record.

*Sed per Curiam.* Exemplifications of the record of judicial proceedings in a foreign country, must be considered *prima facie* as correct; if incorrect, the *onus probandi* lies on the opposite party. Let the copy be read.

The defendant's counsel now insisted, that it was incumbent on the plaintiff to show the law of the Province of *Lower Canada*, upon which the certified proceedings were founded.

The plaintiff replied, that the proceedings were bottomed on the common law or ancient usage of the country, and being the *lex non scripta* could not be produced.

*Sed per Curiam.* When the question arises, what is a foreign law? if a written law it must be produced; if an unwritten law, it must be proved, like any other fact, by the testimony of disinterested and intelligent witnesses. Of this opinion was Lord *Mansfield*, as delivered in the case of *Mostyn* v. *Fabrigas*, *Cowper's Reports*, p. 174. " The way of knowing foreign laws is, by admitting them to be proved as facts, and the Court must assist the Jury in ascertaining what the law is."

The defendant now went to prove his declaration in set-off.

The plaintiff conceded the making of the note by the intestate *Aylwin* to *Frazer & Young*, and also their endorsement to the defendant,

But showed by certified copies, That *Thomas Aylwin* died in the year 1791. That *J. W. Woolsey* was the same year appointed curator on his estate, and immediately represented the estate insolvent. That the estate paid eleven shillings and nine-pence on the pound. That *Frazer & Young* exhibited their claim, *the nature of which the records do not show*, to the amount of 460*l.* 19*s.* 3*d.* *Halifax* currency, and on the 22d of *January*, 1793, received a dividend of three shillings and nine-pence on the pound; and on the 12th of *April*, 1799, a further dividend of eight shillings on the pound; when the estate was settled, and the note declared upon by the plaintiff, with another note made to the intestate for 40*l.* *Halifax* currency, were vended at public auction, and purchased by the endorsor, *J. W. Woolsey*, in his individual capacity.

The plaintiff now insisted that the defendant's demand on the note, declared upon the set-off, was

When a question arises, what is a foreign law? if a written law it must be produced; if an unwritten law, it must be proved by the testimony of disinterested and intelligent witnesses.

Woodbridge
v.
Austin.

absolutely barred by the operation of the *ex loci;* that *Aylwin's* note to *Frazer & Young* was included in their claim against the estate of 460*l.* 19*s.* 3*d.* upon which they had received two several dividends. If it was not included, as the firm was subject to the laws of the Province of *Lower Canada,* and the co-partners therein resident during the whole period of the settlement of the intestate's estate, if they omitted to profert their claim, it is for ever barred, and cannot be revived by endorsing the promissory note, which is the mere evidence of such claim to an inhabitant of this State.

*Per Curiam.* The Court are clearly of opinion, that when a demand is barred by the existing laws of a foreign country, where the contract was made, it cannot be revived by transferring it to an inhabitant of this State. But there are several obvious difficulties which present against the several demands of either party, which can only be removed by a knowledge of the existing laws, and their practical operation in the Province of *Lower Canada.* Either party may have his election to continue the cause until the next term, that in the interim satisfactory evidence of the laws of that Province may be obtained. The jurisprudence of the Province of *Lower Canada* is highly respectable; and no doubt can be entertained, from the eminent and learned professional characters who have adorned its Supreme Bench since the *English* conquest, and more especially since the establishment of its government by the act of the *British* parliament in 1791, that the operation of the provincial laws is clearly ascertained in all important cases by judicial decision.

The plaintiff now moved to enter a nonsuit, which was not opposed by the adverse party.

Plaintiff nonsuited.

*Josias Smith, Samuel Miller,* and *Amos Marsh,* for plaintiff.

*Nathaniel Chipman, Daniel Chipman,* and *W. C. Harrington,* for defendant.