THE PEOPLE, on the relation of White, *vs.* STEUBEN C. P.

Where a party *in person* sues out a *certiorari* and reverses a justice's judgment, he is not entitled to any costs besides disbursements; although in fact some of the services are rendered by an attorney, still no allowance for such services can be made, the attorney not having assumed the responsibility of acting as attorney in the case.

August 9.        S. W. BURNHAM, in his proper person, sued out a *certiorari* removing a cause in which judgment was rendered against him, from a justice's court to the Steuben C. P., of which court he was not an attorney. After a return to the writ, he employed an attorney of that court to argue the cause for him, who, after a reversal of the judgment, made up the record of judgment and bill of costs, and attended the taxation of the costs, but in no instance appeared as the attorney of Burn-

ham. The costs were taxed at $19,02. The attorney for the defendant in error objected to the allowance of all the items in the bill, except a charge of $5,75 for brief and fee on argument. The C. P. denied a motion for re-taxation, and the defendant in error now applied for a *mandamus* directing a re-taxation.

ALBANY,
Aug. 1834.

M'Gregor
v.
Cleveland.

*By the Court*, SUTHERLAND, J. The plaintiff in error was entitled to no costs except disbursements, having prosecuted in person. 10 Wendell, 598. Although some of the services were actually rendered by attorney, that does not entitle the plaintiff to have them taxed. An attorney must appear either *formally* or *in point of fact* in a cause, or he will not be recognized as such attorney for the purpose of obtaining costs; he must subject himself to the responsibilities of that character, or he cannot claim its advantages. In the case in 10 Wendell, above referred to, there was in fact an appearance by the attorney, although no formal notice was given; but he acted as such openly and ostensibly. The relator did not object to the charge of $5,75 for brief and fee; that therefore may be allowed, but nothing else except disbursements. Let a *mandamus* accordingly issue.