Territt *v.* Woodruff.

···•❁❀❁•···

JOHN C. TERRITT *v.* EDWARD WOODRUFF.

The courts of this state are not bound to take judicial notice of the laws of another state ; but they are to be made to appear to the court by evidence.

If the action, in which it becomes material to prove such laws, is on book account, they must be proved, as facts, before the auditor, and must be stated in the report ;—and if nothing is stated in the report in reference to such laws, and the county court accept the report, *quære,* whether the supreme court will not presume that such laws are not variant from those of our own state upon the same point, and affirm the judgment.

In this action, which·was on book account, the plaintiff, who was a counsellor at law in the state of New York, but not an attorney, claimed to recover for services rendered by him in the courts of that state as an attorney, in the name of an attorney whose office he occupied, and who had consented that he might perform such services in ˙his name, but between whom and the defendant there had been no communication ; the auditors did not state, in their report, the law of New York in reference to the plaintiff's right of recovery for such services ; and this court held, that they could not say, from any authorities produced before them, that the plaintiff would not be entitled to recover for these services, if the action had been commenced in the state of New York ; and the judgment of the county court, which was in favor of the plaintiff upon the report, was affirmed.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and auditors were appointed, who reported, in substance, as follows.

Territt *v.* Woodruff.

The plaintiff's account accrued for professional services rendered in the city of New York. The plaintiff was, at the time, a counsellor, but not an attorney, of the New York bar; he did the business of an attorney, however, on his own account, in the office of a Mr. Crist, a practising attorney in the city, under a general permission, which he had from Crist, to transact an attorney's business in his name. There was never any communication or privity whatever, relative to the account in question, between the defendant and Crist. The plaintiff's employment by the defendant, and his performance of the services charged, in the name of Crist as attorney of record, were shown; and it appeared that the items of cost, claimed by the plaintiff as between attorney and client, were taxed and certified by the proper officer, and that, as taxed, they were in conformity with the New York fee bill. The auditors reported that there was a balance due to the plaintiff of $284,55.

The defendant excepted to the report, alleging that the auditors had allowed to the plaintiff charges of fees, which are allowed, by the laws of the state of New York, to the attorney or solicitor of record alone, and which can only accrue to, or be recovered by, such officer of the respective courts in which the same accrued.

The county court, April Term, 1846,—WILLIAMS, Ch. J., presiding,—accepted the report and rendered judgment thereon for the plaintiff, for the sum reported by the auditors. Exceptions by defendant.

*S. H. Hodges,* for defendant, insisted, that the plaintiff's right of recovery depended upon the law of the state of New York, and that the fees charged in his account could only be recovered, in that state, by attorneys and solicitors, in their character of officers of the court; and he cited 2 Rev. St. of N. Y. 622; *Seymour* v. *Ellison,* 2 Cow. 13; *In re Wood,* 2 Cow. 29, note (*b*;) *Stewart* v. *New York Common Pleas,* 10 Wend. 597; *People* v. *Steuben Common Pleas,* 12 Wend. 200; *Vincent* v. *Holt,* 4 Taunt. 452.

*C. B. Harrington,* for plaintiff, contended, that hovever the plaintiff's right of recovery might be regarded under the *lex loci contractus,* yet that his remedy in this action must depend upon and be governed by the *lex fori;* and he cited *Pickering* v. *Fisk,* 6 Vt.

Territt *v.* Woodruff.

102; *British Linen Co.* v. *Drummond*, 21 E. C. L. 194; *De la Vega* v. *Vianna*, 20 Ib. 387; *Shaw et al.* v. *Harvey*, 22 Ib. 374. 2 Johns. Cas. 321. 1 Sw. Dig. 324.

The opinion of the court was delivered by

HALL, J. The auditors' report in this case finds, in substance, that the defendant employed and retained the plaintiff in the city of New York, as counsel, or attorney, to attend to the prosecution of certain suits in the courts of the state of New York, and that he rendered the services and made the disbursements, charged in his account, under such employment and retainers. Upon this state of facts there can be no doubt, that the plaintiff, provided the services had been rendered in this state, would have been entitled to recover.

But it is objected, that the plaintiff was incompetent, by the laws of New York, to perform the services, and that he is therefore not entitled to recover. This objection is founded upon the farther finding of the auditors, that the plaintiff was at the time only a counsellor, and not an attorney,—that the plaintiff did the business of an attorney on his own account in the office of a Mr. Crist, a practising attorney of said city, under a general permission from Crist to transact an attorney's business in his own name,—and that there was no communication or privity whatever in relation to the account between Crist and the defendant.

In this state the qualifications and rights of counsellors and attornies are the same; whoever is a counsellor is also an attorney; and in order to defend against a claim, which, by our laws, is both legal and meritorious, it ought to be clearly made to appear, that, by some invincible law of the state where the services were rendered, the plaintiff would be debarred of a recovery.

The courts of this state are not bound to take judicial notice of the laws of another state; but they are to be made to appear to the court by evidence. For the purpose of proving the statutes of another state it has been held, that the printed statutes of the state, published by the authority of such state, may be read; and that the unwritten or common law of the state may be proved by the testimony of witnesses conversant with its laws. *State* v. *Stade*, 1 D. Chip. 303; *Danforth* v. *Reynolds*, 1 Vt. 265; *Woodbridge* v. *Austin*, 2 Tyl. 364. But whether the reported decisions of the courts of such state

may be introduced as proof of the unwritten laws, or as evidence of the construction of a local statute, does not appear to have been determined.

Admitting that the laws of another state should in some way be proved as facts, the question arises, whether this proof should not have been made before the auditors. It is their business to find facts; and it is only for some error of law, upon the facts found, that their report can be set aside. They have not reported what the law of New York is, as applicable to the other facts in the case; and if the judgment of the county court, accepting their report, is now to be set aside, upon the ground that they have mistaken the New York law, it follows, that we must, sitting as a court of errors, receive evidence of what the law of New York is, applicable to the case; unless, indeed, we are to take the same judicial notice of the laws of that state, that we would of the laws of our own.

Perhaps the auditors may have found the fact, that the law of New York was the same in regard to the plaintiff's right of recovery, as the law of this state; in which case there was no error in their report, and none in the judgment of the county court accepting it. As the report is silent, as to what the law of New York is, and as, without proof, I think it should not be taken to be variant from the law of this state, I am inclined to think, that the judgment of the county court should be affirmed, without farther inquiry. But as this is a question of much practical importance, and has not been argued, it is not intended to decide it.

In order to satisfy the court, that the plaintiff would not be allowed to recover his account in the state of New York, the counsel for the defendant have produced the following authorities; 2 Rev. Stat. of N. Y. 622; *Seymour* v. *Ellison*, 2 Cow. 13; *In re Wood*, 2 Cow. 29, note; *Stewart* v. *New York Common Pleas*, 10 Wend. 597; and *People* v. *Steuben Common Pleas*, 12 Wend. 200.

The statute referred to provides for the allowance of certain fees for services done or performed in the several courts of that state "by the officers thereof," enumerating the fees for attorneys, clerks, criers, &c. The cases in the 2d of Cowen's Reports are to the purport, that attorneys, solicitors and counsellors are officers of the courts, and *perhaps* public officers, under the constitution of the state. The two cases in Wendell's Reports are to the effect, that a

24

party, not an attorney, who conducts or defends a suit in person, is not entitled to recover costs of the opposite party, because the statute contemplates, that the services enumerated in the fee bill must be rendered by the officers of the court.

We think these authorities fall short of showing, that the plaintiff would not be entitled to compensation for his services in the state of New York. The cases in Wendell apply only to the taxation of costs between party and party; and it is not very clear, from the language of the statute, that it was intended to prescribe a rule for the charges of an attorney to his client. But if it were so intended, it does not necessarily follow, that the plaintiff must perform his services without compensation. Costs are not recoverable by party against party at the common law; but their recovery is founded alone on statute provisions. Without this statute, a party would not be entitled to recover any costs of the opposing party; and there is a manifest propriety in holding, as was done in the two cases in Wendell's Reports, that, in order to recover costs, a party must comply with the requirements of the statutes,—that where there was no attorney, the fees to be taxed for an attorney should not be allowed.

But the right to recover for services rendered and disbursements made at the request of another, and for his benefit, is a common law right, founded on the innate principles of justice, and needed no statutory provision to make it available. In the one case, it was necessary for the statute to give the right; in the other, the right exists, unless the statute has taken it away. No prohibitory clause is found in the statute, against the recovery, by others than an attorney, for services rendered and disbursements made in a suit; and no authorities are shown, that the statute has received such a prohibitory construction. And we cannot say, from the authorities produced, that a counsellor, rendering at the request of another and for his benefit the services of an attorney, through the instrumentality of an attorney, must necessarily, by the laws of New York, render them without compensation. It may be that such is the law of that state; but it not having been shown to us to be so, we think the judgment of the county court should be affirmed.