# WINDSOR COUNTY,

## FEBRUARY TERM, 1872.

[ CONTINUED FROM ANTE PAGE 612.]

---

SAMUEL W. BENT *v.* MINERVA A. BENT.

*Replevin.   Ouster.   Unlawful Taking and Detaining.   Divorce.*

The plaintiff and defendant had been husband and wife, and while that relation existed they occupied a dwelling-house, owned by the wife. The defendant petitioned for a divorce, and pending the petition the wife obtained an order of a judge assigning to her separate use a part of the house. When the bill of divorce was granted the plaintiff had some household furniture in that part of the house occupied by him. *Held* that when the bill was granted it was the duty of the plaintiff to vacate the premises and give the defendant the possession of the whole. *Held* that the defendant had a right to take the possession of the entire building, and when the plaintiff was out of the house to close and fasten the doors and prevent him from entering.

The plaintiff demanded to be let into the house, but did not demand his goods that were in the house. The defendant refused to admit him, but offered to put out any property he had in the house he would call for. This was *held* not to be such a taking or detaining of the goods of the plaintiff as would sustain replevin.

If the defendant in excluding the plaintiff from the building had only the purpose and intent of asserting and maintaining exclusive possession of it as the owner, and did not claim any right to the articles of property therein belonging to the plaintiff, the latter could not maintain replevin for the property.

REPLEVIN for certain articles of household furniture and other property.   Plea, the general issue and trial by jury at the May term, 1871, BARRETT, J., presiding.

The facts of the case are fully stated in the opinion of the court.   The court charged the jury fully and satisfactorily except as stated in the opinion.   Verdict and judgment for defendant and exceptions by the plaintiff.

*Sewall Fullam,* for the plaintiff.

80

*Gilbert A. Davis* and *T. O. Seaver*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J.    This is an action of replevin brought for a quantity of household furniture and some other goods.    It appears that the plaintiff and defendant had been husband and wife, and while that relation existed between them had occupied a certain dwelling-house, living in part thereof, and a part occupied by the plaintiff as a store, in which he kept a few goods for sale; this house was the sole property of the wife.    While so living together the defendant petitioned for a bill of divorce; while it was pending, an order of a judge of the supreme court was obtained assigning separate parts of said building to the said defendant for her sole use and occupancy pending the litigation, the plaintiff occupying the remainder, in which he kept his goods, and lived by himself.    In due time a bill of divorce was granted to the defendant, and a certain portion of the household furniture assigned to her, and the remainder left to the plaintiff.    When this bill was granted, as the defendant held the title to the house, the right to immediate and sole possession thereof vested in her.    The plaintiff's goods and furniture then being in the house and he occupying that part which had not been before assigned to the defendant by the aforesaid order, when the bill was granted it was then the duty of the plaintiff to vacate the premises, and give the defendant the possession of the whole.    This he did not do, but continued in possession, and suffered his personal effects to remain as before for several days.    Finally the defendant having concluded to take possession of that part of the house occupied by plaintiff, availed herself of an occasion when the plaintiff was out of the house, to close and fasten the doors, and forbade and prevented the plaintiff from entering.    The plaintiff demanded to be let into the house, but the defendant would not permit him to enter.    He did not demand the goods or furniture, but the defendant told him that any property that he had in the house, that he would call for, she would put out for him.    The plaintiff did not call for any, but forbade the defendant putting any of his property out of the house. Thereupon the plaintiff brought this suit of replevin, and replevied

the goods and furniture that were in the house. No question was made upon the trial in the county court but that the property replevied belonged to the plaintiff, and no claim was made for a return of the property or any part of it. The only question was whether the defendant had so detained the property as to bring the case within the statute giving the action of replevin when goods and chattels are unlawfully detained from the owner.

That part of the charge of the court to the jury of which the plaintiff complains, is that in which the jury were told "that if the defendant, in excluding the plaintiff from said building, had only the purpose and intent of asserting and maintaining exclusive possession of it as the owner, and therein neither claimed any right to, or exercised dominion over the articles of property belonging to the plaintiff, but offered to pass out to him whatever of said property he wished her to, which offer he did not act upon, she would not be guilty of an unlawful taking and detention in such sense as to entitle the plaintiff to maintain this action."

This charge we think was as favorable for the plaintiff as he had the right to ask. The evidence is very slight, if there is any, tending to show any intent on the part of the defendant to exclude the plaintiff from the possession of the personal property in the house. She excluded him from the building, and that she had the legal right to do, but it was done under circumstances strongly tending to show that if he had gone there and simply proposed to take away his property, and abandon the premises, he would have been permitted to do so at once. The fact that the defendant used the stove, under the circumstances of the case, furnishes no evidence of an intent to claim it or to withhold it from the plaintiff, or prevent his taking it away whenever he chose to do so. Certainly she never refused to let him remove any of the property he had on the premises. But if there is any evidence tending to show that the defendant unlawfully detained the property, the matter was properly submitted to the jury, and they have found the fact against the plaintiff.

Judgment affirmed.