# WILLIAM DEARING & CO. v. ANDY SMITH.

GENERAL TERM, 1893.

*Replevin.  Unlawful detention.*

One lawfully in the possession and use of an article does not subject himself to an action of replevin under R. L. s. 1230 as for an unlawful detention by continuing to use the article without reply after receiving a letter from the owner demanding it.

Replevin.  Heard on the report of a referee at the December term, 1892, Windsor county, THOMPSON, J., presiding. Judgment on report for the defendant for one dollar damages and costs and return of property.  The plaintiff excepts.

*C. P. Tarbell* for the plaintiff.

No demand was necessary.  *Moses* v. *Rogers*, 62 Vt. 85.

*D. C. Denison & Son* for the defendant.

START, J.  The mowing machine in question was sold and delivered by the plaintiffs' agent to Ira Button.  Button was to give a lien in writing when the plaintiffs' agent should call for the purchase money.  The agent never called for the lien.  Button died and the probate court assigned the machine to Mrs. Button, widow of Ira Button.  The defendant worked for Mrs. Button and was using the machine when it was replevied.  The plaintiffs' attorney wrote a letter to the defendant, demanding the machine.  The defendant received the letter but made no reply.

R. L. s. 1230 provides that when goods of the value of more than twenty dollars are unlawfully taken, or unlawfully detained, from the owner or the person entitled to the possession thereof, or when goods or chattels of such value, which are attached on mesne process, or taken in execution, are claimed by a person other than the defendant in the suit, or debtor in the execution, such owner or other person may cause them to be replevied. It is claimed by the plaintiffs that their action is properly brought against the defendant under this section. It is not claimed that the defendant unlawfully took the machine, but that he unlawfully detained it from the plaintiffs. The claim is based upon the fact that the plaintiffs' attorney wrote the defendant a letter, demanding the machine, to which the defendant made no reply. The omission of the defendant to reply to the letter cannot be regarded as an unlawful detaining of the machine. The letter did not call upon him to deliver it at any particular place, and he was under no obligation to take it to the plaintiffs or their attorney. He might well understand that the plaintiffs would come for it when they wanted it. They did not call on him personally for it; and he has neither refused to deliver it to them, nor asserted any claim to it, nor exercised any control in respect to it that is inconsistent with the plaintiffs' claimed title and right of possession. Under these circumstances it cannot be said that he has unlawfully detained the machine. A party cannot be subjected to the expense of a replevin suit unless he has unlawfully taken, or unlawfully detained, property from the owner or the person entitled to the possession thereof. *Bent* v. *Bent*, 44 Vt. 633.

This view of the case renders it unnecessary to consider the other questions argued by counsel.

*Judgment affirmed.*