FRANK GROW v. WALTER C. WASHBURN.

May Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Memorandum of Sale—Foreign Law Must Be Proved—Contract in Form of Lease a Conditional Sale—Replevin—Sufficiency of Demand and Refusal.*

1. A writing, "Sold to W. one Haynes 4 passenger for $1,525, $1,475 due," not accompanied by delivery, *held* not to evidence a consummated sale, but to be treated merely as a memorandum of a conditional sale agreement subsequently concluded.

2. The law of this State furnishes in all cases *prima facie* the rule of decision; and, if a party relies upon the law of another state or country, he must prove it as a fact.

3. A contract in the form of a lease of an automobile, which acknowledges the receipt of a certain sum and provides that when a certain other sum is paid rent shall cease and the automobile shall become the property of the lessee, is a conditional sale.

4. While no formal language is necessary to constitute a demand and refusal that will subject one lawfully in possession of a chattel to an action of replevin, yet the language of the demandant must be such as to amount to a positive, unequivocal demand for possession, and the language or conduct of the other must be such as to amount to a refusal to deliver.

5. In such case, whether the language used is sufficient to support an inference that it was intended on the one hand as a demand for possession and so understood on the other is a question of law for the court, as it is in determining whether the language or conduct of the one in possession constitutes a refusal.

6. Where defendant had defaulted in the payment of a conditional sale contract of an automobile, plaintiff's statement to defendant that he must either have payment of the notes or have the car did not amount to a sufficient demand for the possession of the car to sustain an action of replevin.

7. In such case, defendant's refusal to pay the notes, and his failure to turn the car over to plaintiff, or tell him where it was, it not

appearing that he was requested to do either, did not consti-
tute such a refusal to deliver possession of the car as would
support the action.

ACTION OF REPLEVIN of an automobile.   Plea, the general
issue.   Trial by Court at the September Term, 1920, Washington
County, *Wilson,* J., presiding.   Judgment for the plaintiff.   The
defendant excepted.   The opinion states the case.

*F. L. Laird* for the defendant.

*Fred B. Thomas* for the plaintiff.

The contract is to be construed and rights of the parties
thereunder determined by the laws of Massachusetts.   *Barrett,
Assignee* v. *Kelley,* 66 Vt. 515; *Norris* v. *Sowles et al.,* 57 Vt.
360; *Cobb* v. *Buswell,* 37 Vt. 337.

The title to the property and the general ownership therein
remained in the plaintiff and was so to remain until the defend-
ant fully performed the condition precedent of paying the full
purchase price for the property.   *Sargent* v. *Metcalf,* 5 Gray
(Mass.) 306; *Blanchard* v. *Child,* 7 Gray 155; *Deshon* v. *Bigelow,*
8 Gray 159; *Upton* v. *Sturbridge Cotton Mills,* 111 Mass. 446;
*Benner* v. *Puffer,* 114 Mass. 376; *Lorain Steel Co.* v. *Norfolk, etc.,
Co.,* 187 Mass. 500; *Frisch* v. *Wells,* 200 Mass. 429; *Orieg* v.
*Turner,* 232 Mass. 174.

When the notes were overdue the plaintiff was entitled to
immediate possession.   *Blanchard* v. *Cooke,* 144 Mass. 207;
*Blanchard* v. *Cooke,* 147 Mass. 215; *Salomon* v. *Hathaway,* 126
Mass. 482.

SLACK, J.   The action is replevin for an automobile which the
plaintiff claims the defendant leased from the Langham Motor
Car Company.   The case comes here on defendant's exceptions to
a judgment for plaintiff on facts found by the court below.

The material facts found are these:   Defendant, a resident
of Montpelier, was in Boston, Massachusetts, November 8, 1919,
and there purchased, or opened negotiations that resulted in the
purchase of, the automobile in question from the Langham Motor
Car Company.   At that time the price of the car was agreed

upon, the defendant paid $50 on the purchase price, and received a writing which is as follows:

"Boston, Mass., Nov. 8, 1919.

"Sold Walter C. Washburn one Haynes 4 passenger for

|  |  | $1,525 |
|---|---|---|
| Model | 32377 | 50 |
| No. | 1345 |  |
|  |  | $1,475   Due" |

The defendant was again in Boston, November 15, 1919, and then paid $700 on the purchase price of the car, and executed the instrument under which plaintiff claims title. The instrument, after reciting that the defendant has "this day received and hired of the Langham Motor Car Company" the car in question, and has paid as "rent" $750, provides that he will pay the further sum of $775, evidenced by seven promissory notes of that date, and that when paid, rent shall cease and the car shall become the property of defendant. The instrument further provides that, if defendant fails to pay said rent, he will, on demand of the company, return said car, that upon default of any one payment the entire debt shall be due and payable, and such default shall constitute a breach of said lease; that in the event of a breach the company may enter any building upon any land and take possession of and remove said car, without rendering itself liable to refund any sum received by it as rent.

After this instrument was executed the car was delivered to the defendant and he drove it to Montpelier. The plaintiff later acquired all right and title of the company in the contract and notes. On July 30, 1920, defendant owed $700 on his indebtedness to plaintiff, evidenced by the three original notes last to fall due and by renewal notes given in lieu of the other originals, all of which, under the terms of the contract, were overdue. On that day the plaintiff's attorney, Perry, called on defendant at the latter's office in Montpelier, and after some talk about defendant's failure to pay, and his reason therefor, Perry told defendant that he must either have payment of the notes or have the car. Defendant refused to pay the notes, and did not turn the car over to Perry, or tell him where it was. The car was in a local garage at that time. Thereupon Perry caused this writ to be made and served; the car was taken and immediately delivered to him and he took it to Boston. What has since been done with it did not appear.

[1]   Defendant claims that the sale of the car was. consummated November 8 and that title thereto then vested in him, so that the instrument in question cannot have the effect of a lease, nor does it constitute a valid lien in plaintiff.   While the language of the writing of November 8, standing alone, might support defendant's claim, in view of the fact that the car was not delivered at that time, nor until a further payment of $700 had been made and the instrument in question executed, we think the earlier writing must be treated merely as a memorandum of the agreement which was concluded November 15.

[2]   The plaintiff insists that the contract, being a Massachusetts contract, must be construed and the rights of the parties thereunder must be determined by the laws of that state, and calls attention in his brief to the statutes of that state and decisions thereunder which he claims determines his rights in this suit.   But the laws of Massachusetts are not before us.   It is a well settled rule, founded on reason and authority, that the *lex loci* furnishes, in all cases *prima facie,* the rule of decision; and if either party wishes the benefit of a different rule of law, as for instance, *lex domicilli, lex loci contractus,* or *lex loci rei sitae* he must allege and prove it—at least prove it.   *Morrisette* v. *Canadian Pacific R. R. Co.,* 74 Vt. 232, 52 Atl. 520; *Taylor* v. *Boardman,* 25 Vt. 581; *Territt* v. *Woodruff,* 19 Vt. 182; Jones on Evidence, 391, par. 83.   This the plaintiff has not done.   Therefore the case must be considered in the light of our own decisions so far as applicable.

[3-5]   The contract is unquestionably a conditional sale, and not a lease, as it affects to be.   *Nye* v. *Daniels,* 75 Vt. 81, 53 Atl. 150.   But the defendant having made default in payment the company had the right under its contract to take the car after making demand therefor, and plaintiff succeeded to this right.   While, as claimed by plaintiff, no formal language is necessary to constitute a demand and refusal, yet the language of the demandant must be such as to amount to a positive, unequivocal demand for possession.   Bowers, in his work on The Law of Conversion, 265, par. 363, says: ''The demand, to place defendant in the wrong, must be clear and absolute in its terms and leave nothing to conjecture.''   And the language, or conduct, of the other party must be such as to amount to a refusal to deliver.   *Dearing & Co.* v. *Smith,* 66 Vt. 60, 28 Atl. 630; *Bent* v. *Bent,* 44 Vt. 633.   Whether the language used was intended

on the one hand as a demand for possession and was so understood on the other may become a question of fact for the trier, but whether it is sufficient to support an inference of such intention and understanding depends upon the reasonable import of the terms used, which is a question for the court.    The same rule applies, of course, in determining whether the language or conduct of the defendant constitutes a refusal.

[6]    The reasonable import of the language used by the plaintiff does not justify the inference that he intended, and the defendant understood, what was said to amount to a demand. In *Monnot* v. *Ibert,* 33 Barb. (N. Y.) 24, the mortgagee of a horse and wagon said to the mortgagor: "I shall have to take them from you, if I cannot get my pay in any other way."    The court said that this expressed a purpose to make a demand in the future, and that apparently on certain conditions, and not a plain and unequivocal request for the property, or its delivery, then and there.    We think the language used in the instant case expressed a purpose to make a demand for the car if the notes were not paid, and did not amount to a clear, unequivocal demand for its possession then and there.

[7]    Neither does what defendant said and did amount to such a refusal as the law requires.    *Dearing & Co.* v. *Smith, supra; Bent* v. *Bent, supra.*    When told by Perry that he must have payment of the notes or have the car, defendant refused to pay the notes, but, so far as appears, made no reference whatever to the car—did not refuse to surrender possession of it nor question the plaintiff's right to take it.    It is found, to be sure, that he did not turn the car over to plaintiff or tell him where it was, but it does not appear that he was requested to do either.

The reasonable import of the facts found is not sufficient to support an inference of demand and refusal, which is necessary to sustain the judgment.

*Judgment reversed, and judgment for the defendant for the return of the automobile and for his costs.*