EVELYN OKEN *vs.* ISIDORE J. OKEN.

JUNE 14, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Husband and Wife. Action by Wife Against Husband for Negligence.*

A wife cannot maintain an action of trespass on the case against her husband to recover damages from him on account of injuries sustained by her by reason of his negligence when she was living with him at the time she was injured and at the time of the commencement of the action.

TRESPASS ON THE CASE for negligence. Heard on exception of plaintiff and overruled.

SWEENEY, J. This is an action of trespass on the case for negligence wherein the plaintiff seeks to recover damages for personal injuries. The plaintiff alleges that the defendant so negligently operated his automobile that it ran into her and caused her severe, permanent injuries. The defendant filed a plea in bar alleging that plaintiff is his wife and that he was living with her at the time of the accident and at the time of the filing of the plea. The plaintiff demurred to this plea and the demurrer was overruled by the Superior Court. The plaintiff thereupon claimed an exception to

this action of the Superior Court and has duly brought the case to this court upon her bill of exceptions.

The sole question raised by the exception is, Can a wife maintain an action of trespass on the case for negligence against her husband to recover damages from him on account of injuries sustained by her by reason of his negligence when she was living with him at the time she was injured and at the time of the commencement of the action?

It is admitted by the plaintiff that under the common law the wife could not maintain such an action against her husband. Has such a right of action been given to her by the statute law of this State?

The property rights and liabilities of married women have been enlarged from time to time by the General Assembly of this State until, at the present time, the property of any woman, whether acquired before or after marriage or which may be acquired by her own industry, shall be and remain her sole and separate property free from any control of her husband. Section 1, Chapter 246, General Laws, 1909. Formerly it was required that in all actions relating to the property of any married woman the husband and wife must jointly sue and be sued; Section 12, Chapter 166, Public Statutes, 1882. This section was amended in the revision of the General Laws, 1896, Chapter 194, Section 16, so as to read as at present, namely: "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone." In the case of *Gorman* v. *McHale*, 24 R. I. 257, this court said the practical effect of the amendment was simply to do away with the former provision of the statute which required a married woman to join with her husband in actions relating to the property secured to her under the statute.

The attorneys for the plaintiff have cited several cases from other states in which the wife has been permitted to maintain an action against her husband for a violent assault upon her; but no case has been cited where the wife has maintained an action against her husband for personal

injuries caused by his negligence. The cases for the plaintiff have been decided in accordance with the statute law of the state in which the case arose but the great weight of authority is against her contention.

The court has carefully considered the statute law of this state relating to the property rights of married women and finds therein no authority, express or implied, authorizing a married woman to sue her husband for damages for personal injuries caused by his negligence. If such a radical change is to be made in the common law rights and liabilities of married persons, as that urged by the plaintiff, it must be made by clear enactment of the General Assembly, and not by this court in giving an unwarranted construction to the meaning of the statute law relating to the property rights of married women.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Cooney & Cooney*, for plaintiff.

*Edward G. Fletcher, Greenough, Easton & Cross*, for defendant.