## Vera Goldman v. Paul E. Beaudry

( 170 A.2d 636 )

March Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed April 20, 1961

*Arthur L. Graves* for the plaintiff.

*Raymond L. Miles* for the defendant.

**Holden, J.** This action results from an automobile accident that occurred at Massawippi in the province of Quebec on February 22, 1959. The complaint states that the plaintiff "pleads and seeks to recover pursuant to the applicable laws of the Province of Quebec, where said injuries occurred, including among other provisions, the following sections of the Civil Code of said Province:

"§1053: Every person capable of discerning right from wrong is responsible for the damage caused by his fault to another, whether by positive act, imprudence, neglect or want of skill."

The defendant answered by denying the application of the laws of Quebec as alleged in the complaint and affirmatively alleged that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident. The answer specifically charges the plaintiff failed to keep to the right of center of the highway, neglected to maintain proper lookout and control, and operated her vehicle at excessive speed.

On this state of the pleadings the cause went to trial by jury in the Orleans County Court at the March Term 1960. The defendant obtained a verdict and judgment. The plaintiff brings this appeal and confines her assignment of error to the refusal of the trial court to apply the law of the province of Quebec to the issue of contributory negligence in dealing with the evidence and in instructing the jury.

By stipulation of the parties only a part of the record made at the trial has been certified on appeal. From the record available, it appears that the provisions of the Civil Code alleged in the complaint were admitted in evidence without objection from the defendant. By inquiry directed to a qualified attorney, admitted to practice in the province of Quebec, the plaintiff sought to establish the law of that province relating to contributory negligence in the application of Article 1053 of the Civil Code.

The witness responded by stating from Canadian text references that if the plaintiff is entirely to blame for his own misfortune his action should be dismissed. However, contributory negligence on his part does not necessarily mean his action will fail altogether, for where it is found that both the plaintiff and the defendant are guilty

of neglect contributing to the accident there will be a division of damages according to their common fault. On motion of the defendant the answer given was struck by the trial court and the jury instructed to disregard it. The plaintiff objected to this ruling by the court and pointed out that comparative negligence is commonly referred to in the province of Quebec as contributory negligence.

Later, in submitting the case, the court instructed the jury that the law of Quebec governed the recovery and undertook to relate the duties of the respective operators when meeting on the highway pursuant to the law of that jurisdiction. The presiding judge went on to explain the doctrine of comparative fault as applied in Quebec but directed the jury that the foreign law of contributory negligence had no application to this case. The jury was then instructed on this issue according to the law of Vermont. The charge as delivered was contrary to the plaintiff's request and she took exception to the court's treatment of the issue of contributory negligence, both in the rejection of the law of Quebec and in the application of the law of the forum.

The plaintiff's claim of error is well founded. The rights and liabilities of the parties to an action arising from a motor vehicle accident are determined by the laws of the state where the accident happened. *Brown, Admr.* v. *Perry,* 104 Vt. 66, 71, 156 A. 910, 77 A.L.R. 1294. Restatement, Conflict of Laws, §384; 60 C.J.S., Motor Vehicles, §259, p. 634; 5A Am. Jur. Automobiles and Highway Traffic, §195, p. 349. Whether contributory negligence on the part of the plaintiff precludes recovery in whole or in part is to be settled by the law where the claimed injury was inflicted. If the law of the foreign country applies the doctrine of comparative negligence in fixing the rights and liabilities of the parties, we must administer that law accordingly. That we hold a different concept of contributory negligence is of no consequence. *Morrisette* v. *Canadian Pacific Rwy. Co.,* 76 Vt. 267, 271, 56 A. 1102; *Fitzpatrick* v. *International Railway Co.,* 252 N. Y. 127, 169 N.E. 112, 68 A.L.R. 801, 806; Restatement, Conflict of Laws, §385, Comment (c) ; see also annotation 32 A.L.R. 796.

Although the verdict and judgment were conceived in error, the defendant seeks to rescue the case from reversal on the failure of the plaintiff to plead the force and effect of contributory negligence according to the law of Quebec. The Canadian statute upon which the

plaintiff relies makes no mention of contributory negligence. The act is silent as to pleading and proof. The plaintiff was foreclosed by the trial court from further explanation of the section. That the defendant regarded the issue of contributory negligence as a matter of defense is indicated by the answer. He raised the issue by pleading it affirmatively, without questioning the sufficiency of the complaint in this regard. On the record presented we will not treat it differently.

The defendant, in raising the issue of contributory negligence, had to accept that defense as he found it to operate in the jurisdiction where the event took place. After pleading this defense, it was incumbent upon the defendant to allege and prove that by the law of Quebec the plaintiff's fault would defeat her recovery. *Thompson* v. *Ketcham,* 8 Johns, (N. Y.) 190, 192; *Commissioner of Internal Revenue* v. *Hyde,* 82 F.2d 174, 176. If the plaintiff's neglect was such that it would mitigate against her recovery rather than destroy the right, the burden of establishing the nature and extent of her fault in this respect was with the defendant. *Fitzpatrick* v. *International Railway Co., supra,* 68 A.L.R. at 806.

The defendant elected to ignore the effect of the foreign law as applied to his defense and successfully thwarted the plaintiff's effort to bring it into the case. This status of the record afforded no justification for the trial court to apply the law of the forum. With the Canadian law ruled out of the case, the issue of contributory negligence could not be properly decided. It was left suspended as in a vacuum. The omission is not supplied by resort to the common law of Vermont. It cannot be presumed that contributory negligence under the Civil Code of Quebec is similar to the law of this jurisdiction when the record clearly demonstrates that such a presumption is false. See *In Re Everett's Estate,* 112 Vt. 252, 255, 23 A.2d 202; 3 Beale, Conflict of Laws, p. 1682 et seq.; compare *Grow* v. *Washburn,* 95 Vt. 370, 373, 115 A. 226.

*Judgment reversed and cause remanded.*