ROBERT ELLIS CASTELLUCCI, *p.p.a.* vs. SAMUEL A. CASTELLUCCI, *Adm'r of the Estate of Joseph Castellucci.* DAVID ANTHONY CASTELLUCCI, *p.p.a.* vs. SAME. JOHN W. CASTELLUCCI, *Adm'r of the Estate of Fannie Castellucci* vs. SAME.

MARCH 8, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PowERS, J. These are three actions of trespass on the case for negligence brought by the administrator of the estate of Fannie Castellucci against Samuel A. Castellucci as administrator of the estate of her deceased husband and by two minor sons of the marriage against the same defendant. In each case the defendant pleaded intra-familial immunity, to which the plaintiff demurred. Each case is before us on the plaintiff's single exception to the decision of a superior court justice overruling the demurrer.

It appears from the pleadings that on October 2, 1960 Joseph Castellucci was the operator of a motor vehicle in which his wife Fannie and two minor sons, David and Robert, were riding as passengers. As the result of a collision between that car and one operated by another, the two boys and their mother sustained personal injuries, those to the latter being fatal.

It further appears that thereafter John W. Castellucci was duly appointed administrator of the estate of Fannie and as guardian of David and Robert. In such capacities he brought suits on behalf of the estate of his intestate and for each of his wards against Samuel A. Castellucci as ad-

ministrator of Joseph's estate, whose death had also resulted from the collision.

The declaration in each case alleges that the injuries suffered by plaintiff were the result of the negligence of Joseph Castellucci as the operator of the automobile in which plaintiff was a passenger.

In *Oken* v. *Oken,* 44 R. I. 291, adhering to the common-law rule that a married woman could not maintain an action for negligence against her spouse, we held that the statute conferring separate property rights on married women did not result in abrogating such rule. We also stated that it was for the legislature to so provide if the public policy of the state should be altered in this regard. More than forty years have elapsed since *Oken* was decided and thus far the legislature by its silence has not seen fit to change the common-law rule. We are therefore not persuaded that we should alter it now by judicial decision. See *Benevides* v. *Kelly,* 90 R. I. 310.

Following the enactment of the wrongful death act, now G. L. 1956, §10-7-1, this court in *Neilson* v. *Brown,* 13 R. I. 651, held that no action could be maintained thereunder except in cases where had the deceased person lived he would have had an action. Still later, in *Gorman* v. *Budlong,* 23 R. I. 169, we reiterated the proposition that under the wrongful death statute an action could be maintained only by the representative of one who, had he lived, would have had a cause of action himself for the tort. See also *Miller* v. *Coffin,* 19 R. I. 164, where at page 169 this court in referring to the wrongful death act stated: "* * * so the *negligence* mentioned in the statute must be the negligence for which one would be liable at the common law."

Thus it seems clear that had Mrs. Castellucci survived the accident which caused her death she could not have maintained an action for personal injuries; hence no action lies on the authority of §10-7-1. The plaintiff contends, however, that whether a wife could maintain an action for

personal injuries against the estate of her husband has never been decided in this jurisdiction. He argues that with the husband's death the rationale of spousal immunity ceases to have meaning.

The contention of the minor children is to the same effect. Acknowledging that *Matarese* v. *Matarese*, 47 R. I. 131, established as the law of this state the common-law rule that a minor child could not maintain an action in tort to recover damages against his father, plaintiffs argue that the rule should not be extended so as to preclude a minor child from bringing such action against the estate of his deceased parent.

In support of their contentions that the modern and more enlightened view is to permit suits by the wife and minor children against the estate of a deceased spouse or father, where if the latter had lived no such action could be maintained, plaintiffs cite respectable authorities. Such authorities are, however, in the minority and we think rightly so.

The defendant, contending that the decision of the trial justice was correct in each case, likewise cites a number of impressive authorities in support of his position. He frankly concedes that the question raised by plaintiffs is not totally lacking in merit, but argues that if the common-law rules are to be abrogated by reason of the death of the alleged wrongdoer, such alteration of public policy should be by legislative fiat and not by judicial determination.

In the case of John W. Castellucci, administrator, against the instant defendant this action could not have been maintained prior to the adoption of P. L. 1932, chap. 1912, since until this amendment the right to damages for wrongful death did not survive the wrongdoer. *McFadden* v. *Rankin*, 46 R. I. 475. We do not perceive how it can be successfully contended that providing for survival of the right of action against the estate of the wrongdoer should confer the right

of action upon one who could not have maintained it against the tortfeasor if he had lived.

In the cases of the minor children, defendant stresses the materiality of the legislation providing for survival of actions of trespass on the case, now G. L. 1956, §9-1-6. At common law such action could not have been maintained against the estate of a tortfeasor even by one not barred, as would have been these plaintiffs by reason of their relationship to the tortfeasor. By providing for survival of trespass on the case after the death of the wrongdoer, the legislature was not thereby creating a right of action in favor of one who could not have maintained it against the tortfeasor in his lifetime.

In our judgment, therefore, the decisions of the trial justice do not constitute an extension of the rules prohibiting suit at common law. Rather, they represent a conclusion that a declaration of public policy in this area should preferably be made by the general assembly. We are in accord with such a conclusion.

It may well be, as argued by the plaintiffs, that there are valid and cogent reasons why, in the course of events and changing times, with particular regard for the fairly common protection afforded by insurance, public policy no longer requires recourse to common-law rules which found their origin in such policy. If so, such changes should be brought about by legislation defining the areas to be affected within appropriate limitations, and not piecemeal by this court in the peculiar circumstances of a given case.

In each case the plaintiff's exception is overruled, and each case is remitted to the superior court for further proceedings.

*Aram A. Arabian, Thomas L. Marcaccio,* for plaintiffs.

*Gunning & LaFazia, Bruce M. Selya, Raymond A. LaFazia, Lincoln C. Almond,* for defendant.