**Alice C. LeBLANC**

v.

**Douglas S. STUART, Administrator of the Estate of Alide J. LeBlanc.**

**Civ. A. No. 6327.**

United States District Court,
D. Vermont.

April 12, 1972.

James L. Morse, Wilson, Curtis, Bryan, Quinn & Jenkins, Burlington, Vt., for plaintiff.

Wick, Dinse & Allen, Robert H. Erdmann, Burlington, Vt., for defendant.

*Opinion and Order*

HOLDEN, Chief Judge.

This is a diversity action by a widow against the administrator of the estate of her deceased husband. The plaintiff seeks to recover for injuries sustained as a result of an automobile accident which plaintiff alleges was caused by the negligence of her deceased husband.

The automobile accident which gave rise to this action allegedly occurred on or about June 30, 1968, in Vermont. It is undisputed that at the time of the accident the plaintiff and the deceased were husband and wife and were domiciled in Rhode Island, and that plaintiff is presently a resident of Rhode Island.

Defendant has moved for summary judgment on the grounds that plaintiff is the spouse of the decedent and was the spouse of decedent on the date of the accident and that, as such, she may not maintain an action for personal injuries against her spouse arising out of his

negligence under the law of Vermont or the law of Rhode Island.

■ The first question for decision is whether the ability or disability of a wife to sue her husband's estate in tort should be governed by Vermont law or Rhode Island law.[1]

■ Since federal courts must apply the conflicts of law rule of the forum in a diversity case, Klaxon Co. v. Stentor-Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we direct our attention to the law of Vermont on that subject.

The plaintiff contends that the Vermont conflicts rule governing tort situations is that rights and liabilities of the parties to an action arising from a motor vehicle accident is governed by the law of the place where the accident occurred. Goldman v. Beaudry, 122 Vt. 299, 301, 170 A.2d 636 (1961).

The Vermont Supreme Court has not had a further opportunity of reassessing the conflict of laws principle enunciated in the Goldman case. But see, Jacques v. Jacques, 128 Vt. 140, 259 A.2d 779, 780. Many states have rejected the long established rule that the lex loci delecti is the sole and determinant factor in conflicts relating to the substantive rights of the parties to a tort action. Beaulieu v. Beaulieu, 265 A.2d 610 (Me. 1970); Woodward v. Stewart, 104 R.I. 290, 243 A.2d 917, 923–924 (1968), cert. den. Wzcarra–Delgadillo v. United States, 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968); Melk v. Sarahson, 49 N.J. 226, 229 A.2d 625 (1967); Reich v. Purcell, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967); Johnson v. Johnson, 107 N.H. 30, 216 A.2d 781 (1966); McSwain v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966); Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 (1964); Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439, 440 (1963); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

The cases rejecting the strict application of the lex loci doctrine generally adopt the concept of principal contacts as the dominant consideration.

The doctrine of these cases is in keeping with the Second Restatement approved and adopted since Goldman v. Beaudry.

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) The place where the injury occurred.

(b) the place where the conduct causing the injury occurred,

(c) The domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue. 1 Restatement 2d, Conflict of Laws § 145 (1971).

The Vermont Supreme Court has previously adopted the center of gravity approach to choice of law problems in contracts cases. Pioneer Credit Corp. v. Carden, 127 Vt. 229, 245 A.2d 891

---

[1]. Although it is not clear that Vermont law and Rhode Island law are different as to this issue, we are not faced here with a "false conflict." The Vermont Supreme Court has recently departed in some degree from the general rule that a wife may not sue her husband in tort as stated in Comstock v. Comstock, 106 Vt. 50, 169 A.

903 (1933). The court in Juaire v. Juaire, 128 Vt. 149, 259 A.2d 786 (1969) allowed a wife to maintain suit against her husband where the tort occurred before marriage. The court is not called upon to search the question of whether the holding in Juaire would be extended to reach the facts of the present case.

(1968); Boston Law Book Co. v. Hathorn, 119 Vt. 416, 127 A.2d 120 (1956).

The question of family immunity had no bearing on the *Goldman* decision. In the context of the present motion this consideration is a controlling factor. At the time of the injury in/suit the family domicile of the plaintiff and her deceased husband was in Rhode Island.

In Emery v. Emery, 45 Cal.2d 421, 289 P.2d 218, 223 (1955), Justice Traynor expressed the dominant consideration in the choice of law which confronts the court here. " . . . (T)hat disabilities to sue and immunities from suit because of a family relationship are more properly determined by reference to the law of the state of the family domicile." And—"this law determines whether the estate of a deceased spouse is immune from suit in tort by the surviving spouse." 1 Restatement (Second) Conflict of Laws, § 169, Comment b. (1971).

The trend of the recent decisions of the Supreme Court of Vermont has been strongly influenced by the Restatement of the Law on this subject. The court is persuaded that this course of the law should govern the disposition of the defendant's motion. Socony-Vacuum Oil Co. v. Continental Casualty Co. (C.A.2), 219 F.2d 645, 647.

Vermont's only relationships with the action are the *fortuitous circumstance* that the tort occurred in this state and the appointment of a Vermont resident as administrator of the deceased husband's estate. We think the fact that the family domicile is in Rhode Island gives Rhode Island a more significant interest in the particular issue before us, disabilities and immunities from suit in intra-family torts.

Having made the choice that Rhode Island law applies, the second question is whether the plaintiff could maintain an action against the estate of her deceased husband in that state. We think that Rhode Island law clearly precludes the maintenance of this suit.

The court's reading of the law of Rhode Island establishes that a wife cannot maintain an action for negligence against her husband. Zarrella v. Miller, 100 R.I. 545, 217 A.2d 673, 675 (1966); Trotti v. Piacente, 99 R.I. 167, 206 A.2d 462, 463 (1965); Castellucci v. Castellucci, 96 R.I. 34, 188 A.2d 467, 469 (1963); Oken v. Oken, 44 R.I. 291, 117 A. 357, 358 (1922). The subsequent history of these cases does not lead to any later decisions of that jurisdiction to change the pattern.

Oken v. Oken, 117 A. 357 (1922), the basic Rhode Island case in this area, held that a wife had no common law right to sue her husband in tort during coverture. Beyond that, the Rhode Island statutes concerning property rights of married women confer no right upon the wife to maintain an action in tort against her husband.

In Benevides v. Kelly, 90 R.I. 310, 157 A.2d 821 (1960), a wife sued her husband for injuries sustained in an automobile accident which occurred before the parties were married. The Court held the wife was not entitled to maintain the action against her husband, regardless of the statute conferring upon the wife a separate property in that cause of action after her marriage. The opinion based primarily upon the *Oken* case, supra, stated that the common-law rule of interspousal immunity was still the law of Rhode Island, and was controlling in this case.

Later in Castellucci v. Castellucci, 188 A.2d 467 (1963), the Rhode Island Supreme Court held that the Wrongful Death Act did not entitle a deceased wife's administrator to maintain an action against a deceased husband's administrator. The Court stated that it would not by judicial decision alter the rule that a married woman cannot maintain an action for negligence against her spouse. 188 A.2d 467, 468. The Court also noted that:

Thus it seems clear that had Mrs. Castellucci survived the accident which caused her death she could not have maintained an action for personal injuries; hence no action lies [here]. 188 A.2d 467, 468.

The Court explicitly refused to adopt an argument by the administrator that with the death of the husband the rationale of interspousal immunity ceases to have meaning. 188 A.2d 467, 468.

Upon consideration of the record and oral argument of counsel, it appears there is no dispute as to the essential elements of fact necessary for the disposition of the issue by way of summary judgment. It further appears that defendant is entitled to judgment as a matter of law.

Therefore, it is hereby ordered: Defendant's motion for summary judgment is granted.