## Moses White *vs.* Charles Perley.

Where the declaration sets out a written contract made by the defendant, and the contract produced on trial is signed by the defendant and another, the objection cannot be taken as a variance between the declaration and proof, but must be made by plea in abatement.

Where a contract was made in a foreign province, to be performed within this State, and damages for the non-performance are sought by a suit here, the laws of this State are to govern, in the absence of all proof of the foreign laws.

If a promise be made out of the *United States* by a foreigner to one living within this State, to deliver specific articles on a fixed day, and no place of delivery is assigned, it is the duty of such promisor to ascertain from the promisee the place where he will receive the articles.

Where the party receiving specific articles promises to re-deliver them on a certain day, or pay an agreed price therefor, on failure of delivery an action can be maintained to recover the stipulated price without a prior demand.

The case came before the Court on a statement of facts, which appear in the opinion of the Court.

*A. Belcher*, for the plaintiff.

The contract is joint and several. But if joint only, the nonjoinder can only be taken advantage of in abatement. No demand is necessary because a time and place were fixed in the contract for the return of the articles. And it makes no difference, whether the contract was made in *New-Brunswick*, or *Maine*. It was to be performed here. *Bixby* v. *Whitney*, 5 *Greenl.* 192. As the defendant was to return the property or pay for it, he was bound to pay without a demand, as an attorney is money collected. *Coffin* v. *Coffin*, 7 *Greenl.* 298. The defendant by not returning the articles made his election to become the purchaser at the price agreed. *Holbrook* v. *Armstrong*, 1 *Fairf.* 31.

*D. Williams,* for the defendant.

There is no allegation in the writ, that any other person signed the contract. There is a variance between the declaration and the proof, and no plea in abatement is necessary.

The paper shows, that the contract was made in *New-Brunswick,* and the plaintiff must show, that he is entitled to recover by their laws, as the contract must be governed by them.

The paper shows, that the articles were merely left to be sold, and no action can be maintained against a factor until after a demand at his house, and a refusal. *Langley* v. *Sturtevant,* 7 *Pick.* 214; *Ferris* v. *Paris,* 10 *Johns. R.* 285.

The property remained in the plaintiff until paid for, and he might go and take it when he pleased. He cannot therefore maintain this suit. 1 *Com. on Con.* 261.

The case was argued at the *May Term,* 1838, and the opinion of the Court was delivered orally at the same term, and written out afterwards by

EMERY J. — The defendant being sued alone on a contract, which was signed by himself and *Thomas E. Perley,* it is suggested that the contract is not in conformity with the declaration, ought not to be received in evidence, and does not require a plea in abatement.

The contract is, " Rec'd from *Moses White, Esq.* ten pairs of coarse boots, and seventeen pairs of coarse shoes, *which I promise* to return to him on or before the first day of *July* next, or pay him seventeen shillings and sixpence per pair for the boots, and seven shillings and sixpence per pair for the shoes, for all the above quantity that *I sell.*

"*Woodstock,* 11*th February,* 1834."

Signed     " *Charles Perley,*<br>" *Thomas E. Perley.*"

But if we entertained the opinion that this was a joint contract, we should also consider that the only way in which advantage could be taken of the circumstance, would be by plea in abatement.

It is further contended, that the contract was made in a foreign country, to be construed by laws of the place where made, to be dealt with as a contract between factor and principal, and that a

demand should first be made upon the defendant at his house in *Woodstock,* before an action can be sustained.

In our judgment, however, as the remedy is sought here, and we do not find from the contract any decisive evidence that the contract was necessarily to be performed in a foreign country, we must construe the contract according to our own laws.

The time at which the property was to be returned is stated to be the first of *July* then next ; and as no place was appointed for this duty, according to the spirit of the decision of *Bixby* v. *Whitney,* 5 *Greenl.* 192, it became the duty of the defendant to seek the plaintiff. No demand was requisite on his part. We make no more rigid construction against the defendant, than has been in that case applied against our own citizens when the creditor lives out of the *United States.* That circumstance does not absolve the debtor from ascertaining of the creditor where the goods shall be delivered.

Upon the failure to deliver the property, the parties agreed upon the price which should be paid. The amount became a debt. It must be concluded that the defendant had sold the whole, as he returned none by the time stipulated. We cannot make a contract for the parties. If there were qualifications and conditions, which would have been convenient, or agreeable to the defendant, they should have been inserted in the contract. We find nothing but an absolute engagement upon valuable consideration either to return the property, or pay for it. We are of opinion that the action is well sustained. According to the agreement of the parties, the defendant must be defaulted.