C. W. MURRAY v. GEORGE L. MORRIS.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR and MILES, JJ.

Opinion filed October 2, 1917.

*Sales—Passing of Title—Attachable Interest of Vendor—Delivery—Evidence—Bill of Lading—Acceptance by Vendee.*

Plaintiff ordered from a dealer in granite a monument to be shipped to him in Indiana. The dealer ordered the monument from a manufacturer to be delivered f. o. b. on cars at Barre. The monument was loaded upon a car, and a bill of lading in which the dealer was described as consignor and plaintiff as consignee was delivered to the railroad company by the dealer's agent. *Held,* on delivery of the monument and bill of lading to the railroad, title passed to plaintiff, subject to the right of stoppage *in transitu,* and of recission by plaintiff if the monument failed to be in accordance with the order, and after such delivery the dealer had no attachable interest in the monument.

The fact that the box in which a part of the monument was inclosed was marked with the initials of the dealer had no tendency to show that delivery was made to the dealer and not to the plaintiff, in view of the fact that it was sent with other granite material furnished by other parties.

The fact that a date was stamped upon the bill of lading by the railroad as the date of the receipt of the monument by it, did not overcome the actual fact that the monument had been delivered to it several days before that date.

The fact that the plaintiff wrote to the manufacturer, after receiving the monument, finding fault with it and giving notice that he would not accept it, did not show that it was not the intention of the plaintiff and the dealer that the monument should be delivered until actually accepted by the plaintiff, it not appearing that the monument was not as ordered, or that anything was done to change it, but that the plaintiff kept and used it.

REPLEVIN. Plea, the general issue. Trial by jury at the September Term, 1916, Washington County, *Butler,* J., presiding. At the close of all the evidence, the court directed a verdict for plaintiff. Defendant excepted. The opinion states the case.

*E. R. Davis* and *John W. Gordon* for defendant.

The case shows an executory contract for the manufacture of an article not in esse at the time the contract was made. The article to be manufactured was to be delivered at a future date and had not been accepted by plaintiff. The title had not passed. *Rider* v. *Kelley et al.,* 32 Vt. 268, 272; *Hodges* v. *Fox,* 36 Vt. 74; *Hale* v. *Huntley et al.,* 21 Vt. 147.

The delivery to the carrier was not, under these circumstances, an acceptance of the monument. *Jones* v. *Merchants' Bank,* 29 Md. 287, 96 Am. Dec. 533; *MacNeal* v. *Braun,* 53 N. J. Law 617, 26 Am. St. Rep. 441; *Holmes* v. *Gregg,* 66 N. H. 621; *Holt* v. *Pie,* 120 Pa. St. 425, 440; *Molling* v. *Dean,* 18 Times L. R. 217; *Bowers Granite Co.* v. *Drew Daniels Granite Co.,* 91 Vt. 107; *Bianchi Granite Co.* v. *Terre Haute Monument Co.,* 91 Vt. 177.

There was no open and notorious change of possession. *Weeks* v. *Prescott,* 53 Vt. 57; *Collender Co.* v. *Marshall,* 57 Vt. 232.

*Richard A. Hoar* for plaintiff.

Delivery of the goods f. o. b. to the railroad was a delivery to the purchaser and the goods instantly became the property of the purchaser. *State* v. *O'Neil,* 58 Vt. 140; Williston on Sales, Sec. 280, p. 409; *Vogt* v. *Shienebeck,* 122 Wis. 491; *Bailey* v. *Hudson River R. R.,* 49 N. Y. 70; *McKee* v. *Bainter,* 52 Neb. 604; *Dannemiller* v. *Kirkpatrick,* 201 Pa. St. 218; *Luhrig Coal Co.* v.

*Jones & Adams,* 72 C. C. A. 311; *McCullough Bros.* v. *Armstrong,* 118 Ga. 424; *Des Moines N. & W. Ry. Co.* v. *Block-Pollock Iron Co.,* 88. Ill. App. 79; *Schlesinger* v. *West Short R. R. Co. et al.,* 88 Ill. App. 273; *Dill* v. *Mumford et al.,* 19 Ind. App. 609; *Stanton* v. *Eager,* 16 Pick. 467; *Dr. A. P. Sawyer Medicine Co.* v. *Johnson,* 178 Mass. 374; *Silver* v. *Bowne,* 55 N. Y. 659; *City of Carthage* v. *Munsell,* 203 Ill. 474; *Glauber Mfg. Co.* v. *Votes & Co.,* 70 N. H. 332; *State* v. *Peters,* 91 Me. 31; *Kilmer· et al.* v. *Moneyweight Scale Co.,* 36 Ind. App. 568; *Congdon et al.* v. *Kendall et al.,* 53 Neb. 282.

MILES, J. Only two questions are raised in this case, viz.: First, had Townsend, Townsend & Co. any attachable interest in the die of the monument in question which was attached in the suit of Parry & Jones Co. on the 26th day of September, 1914, at the time the attachment was made; and second, was there anything in the case to submit to the jury?

From a careful examination of the entire proceedings in the case it appears that Townsend, Townsend & Co. are dealers in granite statutes and monuments residing in New York City and having an agent residing in Barre, Vt.; that the plaintiff resides in Brazil, Ind.; that on the 4th day of May, 1914, the plaintiff ordered from Townsend, Townsend & Co. a monument, consisting of a die and some other parts and also a marker, all to be thereafter delivered f. o. b. Barre, Vt., to be shipped to Brazil, Ind. On June 19, 1914, Townsend, Townsend & Co. ordered the same monument and marker from the Central Granite Co. of Barre, Vt., to be "delivered f. o. b. cars at your station" to be shipped car load later, no place of shipment nor consignee being stated in the order. Subsequently and on September 23, 1914, the Central Granite Co. loaded the monument at their yard onto a car of the Central Vermont Railway Company, set by that company on the 22nd day of September, 1914, in the yard of the Central Granite Company upon the order of the local agent of Townsend, Townsend & Co., and shortly after the monument was loaded upon the car, the car with the monument and marker was taken by the railroad company to a siding in their yard about half a mile from the Central Granite Company's yard, where other granite material was to be loaded upon the car to complete the car load and while the car, with the monument upon it, was there standing, the defendant, a deputy sheriff, attached the die upon a writ in favor of Parry & Jones Co. v. Townsend, Townsend &

Co. as their property. Before the die was attached, the local agent of Townsend, Townsend & Co. delivered to the billing agent of the Central Vermont Railway Company at Barre, Vt., a bill of lading of the monument and marker to be shipped to the plaintiff at Brazil, Ind., in which Townsend, Townsend & Co. were designated as the shippers and the plaintiff as consignee. Included in this bill of lading was other granite, furnished by parties other than the Central Granite Co., afterwards loaded on the car with said monument and marker, to make out the car load. After the attachment and before September 30, 1914, this suit of replevin was brought, and on September 30, 1914, the car having been fully loaded, the monument and the die, with the other parts of the monument, were sent to the plaintiff at Brazil, Ind. After the car had been fully loaded and the die had been replevied and returned to the car, the billing clerk stamped upon the bill of lading with a rubber stamp the following:

"Central Vt. Ry. Co.——Received Sept. 30, 1914, Freight Office, Barre, Vt."

In due course of time the monument and marker with the die in question were received by the plaintiff at Brazil, Ind. After its receipt, the Central Granite Company received from the plaintiff a letter, stating that the job was not according to contract and that certain changes would have to be made in it before he would accept the work. Whether any changes were ever made in the monument and to what the complaint related does not appear in the case; but the monument was used by the plaintiff and the contract of purchase was never rescinded by him. The box inclosing the die was marked "T. T. & Co.," meaning Townsend, Townsend & Co., at the time it was loaded upon the car in the yard of the Central Granite Company.

"Ordinarily a delivery of goods by the seller to the carrier designated by the purchaser, or to one usually employed in the transportation of goods from the place of the seller to that of the purchaser, is a delivery to the purchaser." 35 Cyc., p. 193, par. 1; Benj. on Sales (4th Ed.), pars. 181 and 1040; *Spencer* v. *Hale*, 30 Vt. 314, 73 Am. Dec. 309; *Strong et al.* v. *Dodds*, 47 Vt. 348; *Diversy* v. *Kellogg*, 44 Ill. 114, 92 Am. Dec. 154; *Hall & Loney* v. *Richardson*, 16 Md. 397, 77 Am. Dec. 303; *National Bank* v. *Dayton*, 102 U. S. 59, 26 L. Ed. 77; *Kilmer et al.* v. *Moneyweight Scale Co.*, 36 Ind. App. 568, 76 N. E. 271. No question is raised but that the Central Granite Company had

title to the monument before it was loaded upon the car and that it parted with its title when the monument was thus loaded and that then title passed to either the plaintiff or Townsend, Townsend & Co. The plaintiff claims that the title passed to him and the defendant claims that it passed to Townsend, Townsend & Co. at that time.

Under the general rule above stated when the monument was loaded upon the car and the bill of lading delivered by the local agent of Townsend, Townsend & Co. to the billing clerk of the railroad company, the title to the monument passed to the plaintiff subject only to stoppage *in transitu* and the right of rescission by the plaintiff if the monument failed to be in accordance with the order, neither of which rights were exercised in this case, unless something more appears in the case showing the contrary.

The defendant argues that the fact that the box inclosing the die was marked "T. T. & Co." shows that the delivery was to that company, but we think that this does not have the tendency claimed for it, in the light of the other facts in the case. It was quite proper to mark the box with something identifying it as the property sent by Townsend, Townsend & Co., the shipper, to the plaintiff, in view of the fact that it was sent with other granite material furnished by other parties.

The defendant further argues that the die was not received by the railroad company until the 30th day of September, 1914, because, on that date and after the car was fully loaded, the billing clerk of the railroad company stamped upon the bill of lading a statement that the carload was received on that date, the date on which the car was fully loaded. This fact cannot aid the defendant, for if Townsend, Townsend & Co. had any attachable interest in the monument it was because they acquired that interest at the time the monument was loaded upon the car and received by the railroad company; and if it was not received by the railroad company until September 30, 1914, then Townsend, Townsend & Co., had no attachable interest in the monument when it was attached on the 26th day of September, 1914. We think, however, that that entry upon the bill of lading by the common carrier did not overcome the actual fact that the monument had already been delivered to it.

The defendant further argues that the fact that the plaintiff wrote to the Central Granite Company finding fault in some par-

ticular not disclosed in the case and notifying the Central Granite Company that he should not accept the monument, shows that it was not the intention of the plaintiff and Townsend, Townsend & Co. that the monument should be delivered until the plaintiff actually accepted it. We think that this argument is not sound. The complaint was not made to Townsend, Townsend & Co., the party with whom the plaintiff made the trade and nothing in the case appears showing that Townsend, Townsend & Co. ever knew anything about it; nor does it appear in the case that the monument was not in every respect as ordered, nor that anything was done after the complaint to change it; but from the fact that the plaintiff kept it and used it for the purpose ordered would rather indicate that it was according to the contract.

The defendant cites several authorities in support of his contention, but an examination of the same leads us to the conclusion that they are not applicable to the facts in this case which, stated in brief, are these: The plaintiff ordered the monument in question from Townsend, Townsend & Co. to be delivered f. o. b. on the cars, Barre, Vt., and Townsend, Townsend & Co. procured the Central Granite Company to fill that order which that company did on the 23rd day of September, 1914. When the Central Granite Company loaded the monument upon the cars nothing further remained for Townsend, Townsend & Co. to do under their contract with the plaintiff and the contract on their part was then fully performed and so far as anything appears in the case, Townsend, Townsend & Co. then became entitled to payment for the monument. We think and so hold that when the monument was loaded upon the cars by the Central Granite Company and the bill of lading delivered to the carrier's billing agent, the title to the monument passed to the plaintiff, and that at the time of the attachment by the defendant Townsend, Townsend & Co. had no attachable interest in it. The defendant argues further that the case should have been submitted to the jury, but he brings to our attention no fact which he claims should have been submitted to them.

*Judgment affirmed.*