## DAVID W. BIOW CO. *v.* VICTOR COHEN.

### November Term, 1923.*

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

### Opinion filed October 7, 1925.

*Sales—When Burden on Buyer to Show Legally Sufficient Return on "Sale or Return" Contract—Excepting Party Must Show Error—When Title Revests on "Sale and Return" Contract—Presumptions in Support of Judgment— Place of Redelivery on "Sale and Return" Contract—Insufficient Return of Goods—Affirmance of Judgment.*

1.  In action for purchase price of goods delivered to defendant under "sale or return" contract, whereby, under Uniform Sales Act, § 19, Rule 3, (1), title passed to him on delivery, subject to be revested in plaintiff as seller on their return, defendant, who claimed to have elected to return goods, *held* to have burden of showing legally sufficient return.

2.  In such action defendant, excepting to judgment of trial court against him and seeking reversal thereof in Supreme Court, must present there a record affirmatively showing, on findings, that judgment should have been in his favor.

3.  When buyer, who has purchased goods under "sale or return" contract, attempts to return such goods, title does not revest in seller until they are delivered back to him or at the place agreed upon.

4.  Every reasonable intendment is in favor of a judgment, and it cannot be reversed unless all reasonable intendments are against it.

5.  When contract of sale is silent on subject of place of return, and no usage of trade to contrary is shown, seller's place of business is lawful place of delivery.

6.  Contract of "sale or return" *held* to be such as to require buyer, electing to return goods, to return them to seller's place of business, hence delivery of goods to express company in city of buyer's place of business made such company his agent, and

*Originally assigned to Butler, J., and reassigned to Powers, J., September 11, 1925.

being mismarked, as a result of which seller never received them, did not constitute a sufficient return to seller and rendered buyer liable for the purchase price.

7.  That case on exceptions in Supreme Court is argued on particular ground does not prevent its affirmance on other grounds.


ACTION OF CONTRACT.  Plea, general issue.  Heard by court in city court of St. Albans, *Nathan N. Post,* City Judge, presiding.  Judgment for the plaintiff.  The defendant excepted.  The opinion states the case.  *Affirmed.*

*M. H. Alexander* for the defendant.

Delivery of goods sold on "sale and return" contract to carrier by buyer, in accordance with established practice between buyer and seller, was a delivery to seller and prevents his recovery in action against buyer for purchase price.  *Strong et al.* v. *Dodds,* 47 Vt. 348; *Dame & Co.* v. *Flint,* 64 Vt. 533; *Tuttle* v. *Holland,* 43 Vt. 542; *Davis* v. *Bradley,* 28 Vt. 118; *Tilden* v. *Minor,* 45 Vt. 196; *Joslyn* v. *Grand Trunk Ry. Co.,* 51 Vt. 92; *Bank* v. *Crocker,* 111 Mass. 163; *Nat'l Bank* v. *Dearborn,* 115 Mass. 219; *Newcomb* v. *Railroad,* 115 Mass. 230; *Pennsylvania Coal Co.* v. *Holderman,* 69 Ind. 18; *Morrill School Township* v. *Harrison,* 74 Ind. 93; *Strafford* v. *Walter,* 67 Ill. 83; *Hall* v. *Gaylor,* 37 Conn. 550; *Wilcox & Co.* v. *Greene,* 72 N. Y. 17; Benj. on Sales, Vol. 1, 443, Vol. 2, 908.

*H. Elmer Wheeler* and *Fred L. Webster* for the plaintiff.

Under contract of "sale and return," title to goods vests in buyer on delivery, subject to be divested by exercise of his right to return.  *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396; Benj. on Sales, Vol. 2, 913; *Stevens* v. *Cunningham,* 3 Allen (Mass.) 491; 35 Cyc. 290f; 35 Cyc. 253-254.

Goods having been misdirected, delivery to carrier by buyer was not a good delivery to seller, and buyer is liable for loss of goods caused thereby.  35 Cyc. 199; Benj. on Sales, Vol. 2, p. 910, § 1041, Vol. 1, p. 471, § 528; *Finn* v. *Clark,* 10 Allen (Mass.) 479; *Woodruff* v. *Noyes,* 15 Conn. 335; *Carretson* v. *Selby,* 37 Iowa, 529.

Powers, J.  The plaintiff, doing business in New York City, delivered to the defendant at St. Albans, Vermont, a bill of goods under a ''sale or return'' contract.  The defendant elected to return the goods; he delivered them to the express company in St. Albans in a package bearing the plaintiff's New York business address, for transportation.  The express company issued to him a receipt therefor, naming him as the consignor and the plaintiff as the consignee of the goods.  It turned out that the package bore the address of another New York firm, to which the goods were actually delivered; and they have never been recovered or received by the plaintiff.  This action of contract was brought in the St. Albans city court where the plaintiff had judgment for the value of the goods on findings of fact made by the court.  The defendant alleges error.

[1-3]  The nature of the contract was such that the title to the goods in question passed to the defendant upon their delivery to him, subject to be revested in the plaintiff by their return pursuant to the terms of the contract.  No. 171, Acts of 1921, § 19, rule 3, (1).  So the burden of proof on the question of a legally sufficient return of the goods was on the defendant.  It was necessary for him to show such a return if he would avoid liability under the contract.  And the judgment being against him, it was for him to present here a record affirmatively showing that, on the findings, it should have been in his favor.  But whether this record shows a sufficient return to free the defendant from responsibility for the loss of the goods depends upon the question whether the return delivery was, under the contract, to be made at St. Albans or New York City.  Rule 5 of the section of the Uniform Sales Act just cited, provides that if the contract requires the seller to deliver the goods to the buyer, or at a particular place, the property does not pass until the goods have been so delivered or reached the place agreed upon.  So it should be held that when the buyer under a ''sale or return'' contract attempts to return the goods the title does not revest in the seller until they are delivered back to him or at the place agreed upon.

[4]  If the record before us can reasonably be construed as requiring the defendant to return the goods to the plaintiff at New York, it is for us to give it that construction, for this would support the judgment, and every reasonable intendment is in favor of the judgment; and it cannot be reversed unless all rea-

sonable intendments are against it. *Kelley* v. *Seward,* 51 Vt. 436; *In re Martin's Estate,* 92 Vt. 362, 104 Atl. 100; *Button* v. *Knight,* 95 Vt. 381, 115 Atl. 499; *Blodgett* v. *Lawrence,* 90 Vt. 269, 97 Atl. 666; *Vt. Marble Co.* v. *Eastman,* 91 Vt. 425, 101 Atl. 151; *Hitchcock* v. *Kennison,* 95 Vt. 327, 115 Atl. 156.

[5]   We think the record can be so construed.  The findings do not expressly show where the return delivery of the goods was to be made, but when the contract is silent on the subject of delivery and no usage of trade to the contrary is shown, the seller's place of business is the lawful place of delivery.   Uniform Sales Act, § 43.   So this plaintiff, ordinarily, would be under no obligation to pay transportation charges to St. Albans and make the delivery there; but having done so; as the findings show, it must be taken that this was according to the contract.   Though the case is not within the statute, to make the law logical, we hold that when the contract is silent on the subject of the place of return, and no usage to the contrary is shown, the return must be made to the seller's place of business. It was so held in *White* v. *Perley,* 15 Me. 470, and *Johnson* v. *Curlee Clothing Co.,* 112 Okla. 220, 240 Pac. 632.   The findings show that the return of the goods here in question was in accordance with a custom existing between the parties; but this we construe to mean no more than that the attempted return was according to such a custom; that is, that it had been customary for the returned goods to be sent to the plaintiff by express. It is quite unreasonable to suppose that the plaintiff would undertake, under such a contract, to pay transportation charges both ways.

[6]   It follows that inasmuch as the return was to be in New York, the express company was the agent of the defendant; its mistake was his mistake; the title has never revested in the plaintiff, and the loss falls on the defendant.

[7]   The case is argued before us as though the mismarking of the package containing the goods determines where the loss falls; but this is no embarrassment to our affirming the judgment on other grounds.   *Temple Bros.* v. *Munett,* 97 Vt. 395, 123 Atl. 431.

*Judgment affirmed.*

BUTLER, J. (dissenting).   I regret exceedingly that I am unable to concur with the result reached by my Associates.   The

court below says that "under these facts and circumstances, the question before the court was whether or not the delivery of the goods by the defendant to the Express Company was a delivery to the plaintiff." This is a finding of facts, and it held as a matter of law that "the delivery of the goods directed to the plaintiff as hereinbefore stated, to the express company and the taking of said receipt was not a delivery to the plaintiff." The sole reason why it was not a "delivery to the plaintiff" in accordance with the contract is stated to be that it was directed as stated, that is, there was another address on the package, otherwise it must be treated as a good delivery. Such was the claim of the plaintiff.

The case is put by the plaintiff in his brief upon the sole ground that "the return of the goods has never been performed, * * for, if the goods are misdirected, a delivery to the carrier is not a good delivery." Otherwise the delivery is unquestioned by plaintiff. See No. 171, Acts 1921, § 19, rule 3.

By the "facts and circumstances" referred to, the court has found the fact to be, that "the return of the goods was in accordance with an established practice between the plaintiff and defendant." Such must be taken to be the contract. The place of return and mode of transportation in accord with the "established practice" between them was, of course, known and understood by the parties, and the return was actually made in accordance therewith. Where the mode of transportation in return is agreed upon, or where no mode is agreed upon for that matter, and the party under obligation to return adopts a mode of transportation, justified by the usage of trade, the delivery is complete when the goods are placed in the hands of the carrier properly consigned. *Gottlieb* v. *Rinaldo,* 78 Ark. 123, 93 S. W. 650, 6 L. R. A. (N. S.) 273. So it is held that when the buyer and seller live at a distance from each other and the article is shipped in the first instance to the buyer by carrier, the buyer fully performs his duty as to return by delivery of the article to a responsible carrier such as the one used in the first instance, properly consigned Especially must this be so when the carrier was designated by the established practice between the parties. That it was properly consigned and accepted for transportation is not now questioned. No. 171, Acts 1921, § 46, and § 19, rule 3.

On the facts, as I understand them, I cannot escape the conclusion that the express company was the agent of the plaintiff

designated by the parties to receive the goods for transportation. Thus the other markings are unimportant.

The delivery to the carrier designated has the same legal effect as the delivery to the party. *United States* v. *Andrews,* 207 U. S. 229, 240, 52 L. ed. 185, 28 Sup. Ct. 100. Manifestly the same rule applies to the buyer who is to make return as applies to the seller. The rule, as to the seller, is established in *Murray* v. *Morris,* 91 Vt. 541, 102 Atl. 99; No. 171, Acts 1921, § 46.

The bill of lading was a contract (*Pollard* v. *Vinton,* 105 U. S. 7, 26 L. ed. 998) which bound the express company to make delivery to the plaintiff (G. L. 3072), and made the company liable to the plaintiff (G. L. 3074) and excludes the defendant from control over them.

I discover no ground for supposing that the plaintiff would not undertake to pay the transportation charges both ways or that the defendant did not pay them. No such claim is made by either party. Not a word is found in the record about them, and such an inference, it seems to me, ought not to be drawn without some fact or circumstance on which it may rest. *Temple Bros.* v. *Munett,* 97 Vt. 395, 123 Atl. 431, as I understand it, does not go to that extent. Moreover, as I view the language of the Court, it excludes such an inference.