ARMIN F. HILLMER *v.* E. L. GRONDAHL.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*Lawrence & O'Brien,* and *Leonard & Leonard,* of Chicago, Ill., for the plaintiff.

*Fenton, Wing & Morse* and *John A. M. Hinsman* for the defendant.

POWERS, C. J.   This is a chancery suit wherein the plaintiff, a nonresident creditor of the insolvent Chicago Bank of Commerce, chartered and domiciled in the state of Illinois, seeks to enforce for his own benefit and that of his fellow-creditors, against the defendant, a resident stockholder of that bank, a so-called double liability under the constitution and laws of such foreign state.   The bill was demurred to, the demurrer was sustained, the bill was dismissed, and the plaintiff appealed.

So, the only question presented is one of pleading.   Many causes of demurrer are assigned, but the real question is this: Are the allegations, in the aggregate, sufficient to state a cause of action enforceable in a court of equity in this State?

We agree with the defendant when he says that it is only by the allegations of fact contained in the bill that its sufficiency is to be determined, *Murtey* v. *Allen,* 71 Vt. 377, 380, 45 Atl. 752, 76 A. S. R. 779; allegations amounting to conclusions of law are not admitted by the demurrer and are to be disregarded, *Holman* v. *Randolph Nat. Bank,* 98 Vt. 66, 74, 126 Atl. 200; and no fact can be considered unless it appears on the face of the bill, *Vermont Hydro-Electric Corp.* v. *Dunn,* 95 Vt. 144, 152, 112 Atl. 223, 12 A. L. R. 1495. .

We also agree with him when he says that the allegations in paragraph 12 of the amended bill as to what the law of Illinois is, are mere conclusions of law, and not allegations of facts.   When, as here, a suit is based upon the laws of another

state which are relied upon as conferring the cause of action, they must be alleged and proved. They must be alleged as facts and proved as facts. *Pickering* v. *Fisk,* 6 Vt. 102, 105; *Ward & Co.* v. *Morrison,* 25 Vt. 593, 601; *Jenness* v. *Simpson,* 81 Vt. 109, 111, 69 Atl. 646, 130 A. S. R. 1029; *Wellman* v. *Mead,* 93 Vt. 322, 323, 337, 107 Atl. 396; *Grow* v. *Washburn,* 95 Vt. 370, 373, 115 Atl. 226. This is so whether the proof of such laws is addressed to the court or to the jury. Where reliance is placed upon constitutional provisions, statutory provisions or court decisions, they must be so specifically set out in the bill or declaration that the court can see that the plaintiff has a right of action thereunder. If they are not so set out, and as here the foreign law is the affirmation of the pleader, they are only his conclusions of law and go for naught. In the Jenness case, it was expressly held that averments like those under discussion were insufficient.

Being only conclusions of law, they are not admitted by the demurrer and are not for consideration thereunder.

So far, then, as the laws of the state of Illinois are concerned, the plaintiff must find the cause of action which he seeks to enforce in the terms of the constitutional provision recited in the bill as follows: ''Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder.''

This is all we have to go by. From it, we can deduce some of the propositions advanced as the law of Illinois by the plaintiff. But there is no adequate allegation in the bill warranting an inference that, under the Illinois law, the liability of a stockholder continues after he has disposed of his stock. This leaves their law just like ours in the respect specified. In the absence of statutory provisions to the contrary, the double liability attaches to the stock, adheres to it, and on sale of the stock the liability follows it into the hands of the new owner. *Barton Nat. Bank* v. *Atkins,* 72 Vt. 33, 40, 47 Atl. 176.

This leaves the plaintiff with no right of action against the defendant, for the bill shows that the defendant only held his stock until January 7, 1931, and it was not until June 25,

1932, that the auditor of Illinois took over the bank. This is the inevitable result of the allegations and lack of allegations in the bill. The demurrer was properly sustained.

The court below may or may not have based its decree on the ground here specified. But as the result is an affirmance, that question is wholly immaterial. *Biow & Co.* v. *Cohen*, 99 Vt. 78, 81, 130 Atl. 589, 52 A. L. R. 586.

*Decree affirmed and cause remanded.*