MARY A. MACAULEY *v.* WILLIAM H. HYDE.

February Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 1, 1945.

*Stafford, Abatiell & Stafford* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

BUTTLES, J. In this tort action the plaintiff seeks to recover for personal injuries alleged to have been received in an automobile accident involving, it is alleged, her husband's car in which she was

riding and a trailer truck owned by the defendant. The undisputed evidence showed that on Jan. 6, 1944, at about 8:30 or 9 P.M. while proceeding over the main road from Whitehall, N. Y. to Fair Haven, Vt., known as Route No. 4, the defendant's truck became stalled on a hill because of mechanical trouble. The driver, being unable to start the truck, after a short time put out flares and started towards Fair Haven on foot to get help. He returned with a mechanic soon after 11:30 and in a short time the truck was started and driven to Fair Haven. The plaintiff's evidence tended to show that while the defendant's truck was standing unattended on the highway the Macauley car, approaching from the rear of the truck, came in contact with it resulting in the injuries of which she complains. The defendant's evidence questioned the occurrence of the accident as claimed by the plaintiff. Trial by jury resulted in a verdict for the defendant and the case is here on the plaintiff's exceptions.

█ The plaintiff has briefed, more or less adequately, 23 exceptions to the exclusion of testimony. It seems unnecessary to consider them all separately. Twelve of these exceptions were taken to the exclusion of questions asked of the defendant while on the stand as the plaintiff's first witness. From these exceptions it is apparent that the plaintiff has misconceived the scope of P. L. 1701 which reads thus:

> "A party to a civil action or proceeding at law or in equity may compel an adverse party, or person for whose immediate and adverse benefit such action or proceeding is instituted, prosecuted or defended, to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses, but the party so called to testify may be examined by the opposite party under the rules applicable to the cross-examination of witnesses."

It is true that under this statute the right to cross examine extends to any material matter whether covered by the direct examination or not, *Merrihew's Admr.* v. *Goodspeed,* 102 Vt 206, 211, 147 A 346, 66 ALR 1109; *Swerdferger* v. *Hopkins,* 67 Vt 136, 147, 31 A 153, but the language of the statute clearly requires conformity to the rules that are applicable to all examination of witnesses

whether direct or cross. See *Davis* v. *Dunn,* 90 Vt 253, 256, 98 A 81, Ann Cas 1918 D, 994; *Good* v. *Knox,* 64 Vt 97, 99, 23 A 520.

It being admitted that the witness was not present at the time his truck became stalled or at the time of the alleged accident the following questions of those above referred to clearly called for answers based on hearsay: "Why was the truck parked there on the highway that night Mr. Hyde?" "Did you learn, Mr. Hyde, that the, that your truck, the one here in question had run out of gas that evening and that was the reason for its being parked there on the roadway?" "This truck that you pointed out to us was involved in an accident on Jan. 4, 1944, wasn't it?" "You say that, this is the trailer truck that was in the accident on Jan. 4, 1944, do you?" "On that particular trip was Mr. McDonough driving that unit?" "The man who was driving it was one of your regular employees, one of your regular drivers, is that so?" Each of the other questions in this group, as well as two or three of those objectionable under the hearsay rule, were faulty because each assumed facts that had not then been shown in evidence.

■ The witness Blanchard, called by the defendant, had testified briefly that he was foreman of the garage repair shop to which the Macauley car was taken following its injury; that he had had 18 years experience in automobile repair work; that he had examined the car to determine what repairs would be required and that he observed some paint marks on the car doors different in color from that of the doors and also noticed a jam about 10 inches long and 1½ inches deep in the lid of the trunk at the back of the car. He had not described any other damage to the car. In response to inquiries by the plaintiff he testified that during his 18 years experience he had had something to do with repairing perhaps 1000 cars a year and had repaired cars in a condition similar to that of the Macauley car. The plaintiff has attempted to brief in a group exceptions to the exclusion of eight questions asked of this witness on cross examination. The record discloses no exception taken to the exclusion of the first question which is therefore not before us. The other questions were directed to the cause of various items of damage which the car had suffered and to the length of time that had elapsed, in the opinion of the witness, since such damages were suffered. The questions were objected to on

the ground that they were not cross examination of testimony given on direct and that the witness had not been shown to be qualified as an expert on the matters inquired about. That the questions were not cross examination is obvious. The competency of the witness to testify as an expert on the matters asked about was a preliminary question for the trial court and its decision was conclusive, since the evidence does not indicate that the decision was erroneous or founded on error in law. *Capital Garage Co.* v. *Powell*, 97 Vt 204, 210, 122 A 423; *Watriss* v. *Trendall*, 74 Vt 54, 57, 52 A 118.

■ The plaintiff's husband, called as a witness by the plaintiff, was asked on redirect "why did you apply your brakes lightly?" Objection being made for immateriality and on other grounds the plaintiff made no offer stating what the witness would testify to and there is therefore no available exception. *Carpenter* v. *Willey*, 65 Vt 168, 175, 26 A 488; *State* v. *Winters*, 102 Vt 36, 61, 145 A 413.

Dr. Williams, a medical expert called by the defendant, was asked on cross examination "she (the plaintiff) won't be able to do any normal work for some time will she?" Since this question was directed to the amount of damages recoverable and the jury's finding was for the defendant on the main question of liability the exclusion of the question was harmless to the plaintiff. *Boynton* v. *Hunt*, 88 Vt 187, 188, 92 A 153.

■ Roy Hanson, a plaintiff's witness, was asked on direct whether a certain truck of the Hyde Transportation Company, driven by Mr. King, checked in at the Vermont Marble Company at 11 A.M. January 7th. Upon objection no offer was then made but a previous similar question had been offered for the purpose of impeaching the previous testimony of King that he did not know who took the truck to Proctor. If we treat the offer as intended to apply to the question that is briefed also, and as so understood by the court, it is sufficient to say that King's knowledge or lack of knowledge of this matter was wholly collateral to the issues in the case and having been brought out on cross examination of King by the plaintiff could not be contradicted by her. *State* v. *Prouty*, 94 Vt 359, 363, 111 A 559; *Gregg* v. *Willis*, 71 Vt 313, 319, 45 A 229.

■ During the examination of the defendant as the plaintiff's witness he was asked "Mr. McDonough told you that the unit in

question here was stalled down on the main road between White-hall and Fair Haven did he?" A discussion between opposing counsel followed during which the court admonished them to keep the proceeding dignified and orderly, and in granting an exception to the exclusion of the question said: "I might comment the court does not perceive a trial of this nature has to be a fishing expedition," to which remark the plaintiff was granted an exception. The pending question in slightly different language had already been excluded, and for a considerable time counsel had persisted in asking many questions which, in effect, had already been excluded as calling for hearsay or for other reasons. Included in these were questions about the route of the truck up to the time it became stalled, when the witness was not present. The reprimand was merited by plaintiff's counsel and while the court's language might have been more carefully chosen it does not appear that if error was committed the rights of the plaintiff were injuriously affected thereby. Supreme Court Rule 9; *Meyette* v. *Canadian Pac. Ry. Co.,* 110 Vt 345, 356, 6 A2d 33.

The plaintiff excepted to the exclusion of its offer in evidence of a book "McKinney's Consolidated Law of New York, Annotated, book 62-A, vehicle and traffic law" and to the subsequent exclusion of certain enumerated sections and paragraphs contained on pages 44, 47, 49, 53 and 54 of the same book. The only claim made for these offers was that they were rendered admissible by No. 43, Section 1 of the Acts of 1937 which reads:

> "The statutes, laws and decisions of another state may be evidenced in the courts of this state by a printed copy thereof, purporting therein to be published by the authority of such state, or kept in the state library at Montpelier. Such printed copies thereof shall be prima facie evidence of such statutes, laws and decisions. The determination of such laws shall be made by the court and not by the jury, and shall be reviewable. The supreme court may, on review, determine the law of such state applicable to the case and may render final judgment or order a new trial."

This section amends and amplifies P. L. 1713 and is directed only to the method of proof of the laws of another state and to their

determination when received in evidence. It clearly appears from the wording of the section that it was not its purpose and intent to enlarge the field within which the law of another state would be material or to change existing rules regarding the pleading of such laws. See *Tinney* v. *Crosby,* 112 Vt 95, 99, 22 A2d 145. The plaintiff was still required, if she relied upon New York statutes, to set forth those statutes and the facts in her declaration so specifically that the court could see that she had a right of action against the defendant. *Wellman* v. *Mead,* 93 Vt 322, 337, 107 A 396; *McLeod* v. *Conn. & Pass. R. R. Co.,* 58 Vt 727, 739, 6 A 648; *Hillman* v. *Grondahl,* 109 Vt 388, 391, 199 A 255, and cases cited. The declaration in the present case makes no mention whatever of the New York statutes and the offers were properly excluded upon that ground.

■ Among the acts of negligence charged in the declaration were that the defendant did not have his truck equipped and lighted with tail and clearance lights so that they would be visible to persons approaching from the rear in the night time, and did not place flares at least 100 feet from the rear of the truck while it was parked on the highway in the night time. The plaintiff now contends that the New York statutes not having been received in evidence it was error for the court to charge, as it did, only the common law and not to charge the Vermont statutes pertaining to those subjects. However, the plaintiff took no exceptions to the charge as given and made no requests to charge, so that the charge as given became the law of the case and the claimed error is not here for consideration. *Skoll* v. *Cushman,* 111 Vt 160, 162, 13 A2d 180; *Perkins* v. *Vermont Hydro-Elec. Corp.,* 106 Vt 367, 417, 177 A 631; *Twombly* v. *Piette,* 99 Vt 499, 505, 134 A 700.

The plaintiff excepted to the denial of her motion to set aside the verdict which was based on the following grounds as stated in the record:

(1) that the verdict is contrary to the evidence,

(2) that the verdict is against the weight of the evidence,

(3) that the verdict is against the evidence,

(4) that the verdict is unsupported by the evidence,

(5) that the verdict is unwarranted by the evidence,

(6) that the verdict is obviously based upon pas-

sion or prejudice against the plaintiff and bias in favor of the defendant.

In her brief the plaintiff has added a clause to the statement of the sixth ground and has inserted the word "over-whelming" before the word "weight" in the statement of the second ground.

There was competent evidence in the case from which the jury could reasonably find that the Macauley car did not come in contact with the defendant's trailer-truck as alleged. This included testimony that the place where the Hyde truck was stalled is at a distance of about one and a half miles from the place of collision as fixed by the plaintiff and her husband; witnesses saw no indication anywhere around the trailer, just before its removal, that another vehicle had collided with it.; green paint marks were found on the door of the gray Macauley car when taken to a garage after its injury, but the only colors on defendant's trailer, with which it was claimed to have collided, were red, aluminum and black; a jam about 10 inches long and one and a half inches deep was found in the lid of the trunk part at the back of the Macauley car which was not accounted for by the description of the accident given by the plaintiff and her husband; thorough examination of the trailer, with flood lights under and around it, two days after it was stalled, showed no scratches, dents, or other indications of damage.

There was also evidence tending to disprove all of the plaintiff's allegations of negligence. It could reasonably be found that the defendant's trailer-truck became stalled by clogging of the gas feed lines while moving up hill on its own side of the road; that the right rear wheel of the trailer then slid into the ditch on that side and that traffic was not obstructed, two cars having passed in the other traffic lane without trouble; that being unable to move the truck the driver was obliged to go a considerable distance for help; that before leaving he placed three flares, one beside the truck, one 100 feet or more in front of it and one approximately 100 feet behind it and these flares all burned until the truck was moved; that while rear lights of the trailer were not on there were reflector glasses on the rear and sides and vision was unobstructed for one fourth to one half mile to the rear of the truck.

Each of the stated grounds of the motion except the fourth is addressed to the discretion of the trial court. As to the first three grounds, which mean the same thing, see *Russell* v. *Pilger,* 113 Vt

537, 550, 37 A2d 403; *Daniels* v. *Preston*, 102 Vt 337, 339, 148 A 285. As to a verdict unwarranted by the evidence see *Northern Trust Co.* v. *Perry*, 105 Vt 524, 531, 168 A 710, 94 ALR 7. As to passion, prejudice and bias see *Woodhouse* v. *Woodhouse*, 91 Vt 99, 153, 130 A 758; *Dyer* v. *Lalor*, 94 Vt 103, 114, 109 A 30. The plaintiff asserts no basis for this ground other than alleged preponderance of the evidence.

██ The contrary not appearing from the records we will presume that the court ruled as a matter of discretion on the discretionary grounds. *State* v. *O'Brien*, 106 Vt 97, 102, 170 A 98; *Mullett* v. *Milkey*, 113 Vt 42, 45, 29 A2d 806. This Court will not review the discretionary action of the trial court except to correct abuses of discretion. *Lariviere* v. *Larocque*, 105 Vt 460, 471, 168 A 559, 91 ALR 1514; *Pierce* v. *Mitchell*, 87 Vt 538, 540, 90 A 577.

██ The disposition of the discretionary grounds of the motion depended upon the evidence, which it was the duty of the court to consider in the view most favorable to the verdict. *Russell* v. *Pilger*, 113 Vt 537, 551, 37 A2d 403. With the evidence in the record to which we have referred it cannot be said that evidence against the verdict so preponderated as to leave no reasonable basis upon which it could stand. *Belock* v. *State Mut. Fire Ins. Co.*, 106 Vt 435, 443, 175 A 19. Consequently we cannot say that the court exercised its discretion on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which is the recognized test for abuse of discretion. *Houran* v. *Preferred Accid. Ins. Co. of New York*, 109 Vt 258, 270, 195 A 253; *Temple* v. *Atwood*, 99 Vt 434, 435, 134 A 591.

██ The fourth ground was equivalent to a claim that there was no evidence to support the verdict. It presents a question of law and could not properly be granted if there was any evidence fairly and reasonably tending to justify the verdict. *Belock* v. *State Mut. Fire Ins. Co.*, 106 Vt 435, 439, 175 A 19; *Long* v. *Leonard*, 113 Vt 258, 263, 32 A2d 679. It is apparent from what has been said that there was such evidence, and the motion was properly denied on that ground also.

*Judgment affirmed.*