## Hollis M. Harlow et al v. State Highway Board

[193 A.2d 925]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 1, 1963

*Kissell & Kissell* for the plaintiffs.

*Richard M. Finn* for the defendant.

**Shangraw, J.** This is a land condemnation case. At the trial below the jury awarded the plaintiffs damages of $850.00. The defendant has appealed.

The plaintiffs are the owners of a dairy farm in Westminster, Vermont, consisting of approximately 220 acres of land in the home farm, and about 70 acres of land in a so-called back pasture. The pasture is an integral part of the farm unit and used for the pasturing of dry cows and heifers. The two parcels of real estate are mutually dependent upon the other and are operated as one unit or enterprise for farming purposes.

As a result of the construction of Interstate Highway 91, the State Highway Board has taken 4.1 acres of land of the 220-acre parcel. 1.3 acres was taken in fee in the construction of the Interstate Highway, and 2.8 acres was taken by easement for the relocation of Town Road 26.

The interstate highway runs along the rear of the 220-acre home farm. After the highway is completed the home farm will be located on the easterly side of the interstate highway and the pasture situated on the westerly side of said highway. The pasture does not abut on the 220-acre parcel and is separated from it by intervening land of other property owners. There is no dispute between the parties that after the taking the plaintiffs will still have access to the back pasture; however, they will have a longer distance to travel in reaching this land.

Over the objection of the State, evidence was introduced as to cost of trucking the cattle to the back pasture, cost of a truck body for this purpose, cost of a corral, and other inconvenience to be occasioned the plaintiffs in the transportation and movement of farm animals to the pasture.

The State duly excepted to that portion of the charge to the jury which permitted them to consider damages as a result of the circuity of travel in getting to the back pasture, and also to that portion of the charge submitting the question of transportation cost incident to the trucking of cattle to this lot. To summarize, it is urged by the defendant that the trial court committed reversible error in admitting evidence of circuity of travel, and permitting evidence of damage attributable to this factor.

On direct examination, the plaintiff Hollis M. Harlow testified that he valued the 4.1 acres of land at $600.00. On cross-examination the State inquired of this witness as to how he arrived at this figure. This line of inquiry was excluded by the trial court to which the State

duly excepted. The State urges error on the part of the trial court in denying it the right to cross-examine this property owner as to his testimony on the value of the property. The 4.1 acres of land were valued by a State's witness at $100.00.

Under 12 V.S.A. §1604 Mr. Harlow, as a property owner, was a competent witness to testify as to the value of his land. By the same token this witness, an adverse party, was subject to cross-examination by the State under the rules applicable to cross-examination of a witness. 12 V.S.A. §1641. *Colson* v. *State Highway Board,* 122 Vt. 392, 397, 173 A.2d 849. The restriction of cross-examination of this witness relating to the value which he placed on the land condemned by the State was error, and requires a new trial. *Macauley* v. *Hyde,* 114 Vt. 198, 200, 42 A.2d 482; *Knight* v. *Willey,* 120 Vt. 256, 261, 138 A.2d 596.

In that there must be a remand, a detailed discussion concerning the element of circuity of travel, and the manner by which plaintiff attempted to prove damage covering the pasture, need not be elaborated upon. However, in passing, we do state that increased circuity of travel is not of itself an element of damage, but may be considered on the overall value of the property so affected. If circuity of travel has a bearing on its market value it may be considered.

*Judgment reversed and cause remanded.*