## Morris Fishbein and Uria Fishbein, d/b/a Central Credit Co. v. Acacio S. Guerra

[309 A.2d 922]

No. 168-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Paul B. Wolfe, Esq.*, Newport, for Plaintiffs.

*Lee E. Emerson, Esq.*, Barton, for Defendant.

**Shangraw, C.J.** The defendant, Acacio Guerra, brings this appeal from a judgment entered for the plaintiffs on an action brought in the District Court of Vermont, Unit No. 4, Orleans Circuit, to recover the amount due on a loan made by the plaintiffs to the defendant. At all times material to this case, the plaintiffs, Morris Fishbein and Uria Fishbein, were engaged in a partnership which carried on an automobile financing business in Wallingford, Connecticut, under the name of Central Credit Company. At the time of the loan, November 9, 1962, the defendant also resided in Wallingford, Connecticut.

The purpose of the loan was to finance the purchase of an International van truck. In return for the loan the defendant gave the plaintiffs a chattel mortgage on the truck and a chattel mortgage note in the amount of $2,933.39. On this note the defendant made some sixteen payments, not all when due, over a two year period. At this point, the matter becomes somewhat confused because on July 21, 1964, Uria Fishbein received ten checks in the amount of $100.00 each from Acacia Dress Company, the name and style under which the defendant engaged in business.

The plaintiffs, Uria Fishbein and Morris Fishbein, also engaged in an insurance business at the same office as their automobile financing business, and acting in this capacity the

ten checks of $100.00 each were credited by Uria Fishbein to an insurance account the defendant and several members of his family had with the Fishbeins. During the course of the proceedings below it was defendant's contention the checks were to have been credited to the truck account and not to the insurance account. At the trial the defendant did not produce any evidence to substantiate his testimony in this regard, and based upon all the evidence presented to the contrary, the trial court found the checks to have been properly credited to the insurance account.

After filing findings of fact the trial court entered a judgment order for the plaintiffs in the amount of $1,471.30, including interest and costs. In this appeal, taken from the judgment order, the defendant has raised claims of error relating to a ruling made by the trial court on the interest the plaintiffs could recover and to certain of its findings of fact.

The first issue raised by the defendant involves the application of the 12% interest rate allowed by Connecticut law to the amount due on the chattel mortgage note and the chattel mortgage. In this respect, it is the defendant's contention that the plaintiffs failed to properly plead the applicable Connecticut law in their complaint, and as a consequence, the trial court was in error to allow the plaintiffs to introduce a copy of the applicable Connecticut law at the trial, and thereafter allow the plaintiffs to recover 12% interest on the amount due.

At the time the case was tried below the court was governed by 12 V.S.A. § 1699 in its determination of how to receive foreign law into evidence. Since the trial of this matter, 12 V.S.A. § 1699 has been superseded by V.R.C.P. 44.1; however, it should be noted it is consistent with the procedure in effect at the time of the trial. The plaintiffs were required to set forth in their pleadings the Connecticut statutes they wanted the trial court to apply. *McCauley* v. *Hyde,* 114 Vt. 198, 204, 42 A.2d 482 (1945). However, as contended by the defendant on this appeal, the plaintiffs failed to plead the applicable Connecticut law and thereby give the defendant notice of such. Rather, the plaintiffs merely introduced it at trial over the objection of the defendant. For this reason, it was error for the trial court to accept the copy of Connecti-

cut law into evidence and rely upon it in its computation of the interest due. *McCauley* v. *Hyde, supra,* 114 Vt. at 204; *Hillmer* v. *Grondahl,* 109 Vt. 388, 391, 199 A. 255 (1938).

■ The defendant further contends that because the plaintiffs failed to properly plead the applicable Connecticut law on interest, the complaint fails to state a cause of action and should be dismissed. This contention ignores the fact the action was basically one for money due on a loan and that claim still remains in spite of the fact the plaintiffs did not properly plead the applicable law under which they sought to recover interest. In this respect the case at bar differs from *Hillmer* v. *Grondahl, supra,* 109 Vt. at 391–92, where the entire cause of action was conferred by the law of a sister state and the action was dismissed when the complaint did not properly set forth that law. For this reason, the plaintiffs' complaint still sets forth a cause of action on the loan and dismissal is not the proper remedy.

In his next issue, the defendant attacks findings of fact 5, 6, and 7 for being inconsistent in that the balance due to the plaintiffs varies from one finding to another. For this reason, the defendant contends they should not be allowed to stand. These findings state as follows:

"5. As of June 11, 1964 the balance on the note as shown by Plaintiff's Exhibit 4 was $977.87. As of August 27, 1964 there was a balance due on the account of $855.87. On April 27, 1965, Defendant was credited with a payment of $100.00, leaving a balance of $755.87, and June 28, 1965, a further payment of $100.00 was credited leaving a balance of $655.87.

6. On July 21, 1964, the balance on the truck account was $977.87, as shown on Plaintiff's Exhibit 4.

7. Because of the delinquencies in payments, Plaintiff Uria Fishbein recomputed the balance due to reflect interest charges at the same rate at which the finance charge was originally computed, (Plaintiff's Exhibit 5). According to this recomputation, Plaintiff's records showed a balance of $1011.83 on June 11, 1964."

A review of the record demonstrates findings 5 and 6 are merely summaries of portions of the entries made to the

account the defendant had with the plaintiffs as a result of the loan. Those entries were summarized by the court to show the sequence in which the defendant made his payments. Finding 7 merely summarizes how the interest was recomputed by one of the plaintiffs after the account had become delinquent and as such is self-explanatory. Although the balances vary, it is also clear the court explained the reason for the inconsistency. Thus, findings 5, 6, and 7, being supported by the evidence, must stand on review. *Leno* v. *Meunier*, 125 Vt. 30, 34, 209 A.2d 485 (1965).

The defendant also challenges finding of fact 24 for the reason it concludes that the ten checks of $100.00 each given by the defendants to the plaintiffs on July 21, 1964, were properly applied to an insurance account and not the account arising from the loan to finance the truck. In reviewing such a finding it must be remembered the persuasive effect of the evidence and the credibility of the witnesses are for the trier of fact to decide, and a finding must stand if there is credible evidence to support it. *Brown* v. *Pilini & Wilson*, 128 Vt. 324, 328, 262 A.2d 479 (1970). Finding of fact 24 provides as follows:

"24. Although the Defendant testified that he directed Uria Fishbein to apply the ten checks given on July 21, 1964, first to the truck note account and then to his personal insurance account, on all of the evidence this does not appear to be the fact. The Defendant was unable to produce any evidence to substantiate this testimony. On the other hand, Defendant's Exhibit 2, the receipt for those checks, was an insurance company letterhead of Morris Fishbein and not on Central Credit Company letterhead. It shows the checks were paid by Acacia Dress Company in an amount other than the amounts called for by the chattel mortgage (Plaintiffs' Exhibit #1) when there were still a substantial number of payments due thereon. It is noted that a payment of $122.00 was paid by the Defendant on August 27, 1964, a month after the series of checks were given, which the Defendant testified were given on the truck note account when he knew the balance on that account was less than the total of the checks given. On the other hand, the testimony of Uria Fishbein that the checks given July 21, 1964, were

given to apply on the insurance account and were applied in accordance with the directions given at the time is consistent with the receipt given by him (Defendant's Exhibit #2), with the entries made in the insurance day book and the fact that no objection was made to their application to the insurance account by the defendant at that time, although statements reflecting this application were mailed to the Defendant. Therefore, we find that the Defendant did not direct the application of the ten checks given July 21, 1964, to the truck account and that they were properly credited to the insurance account."

More specifically, the defendant contends the conclusion made in finding 24 is without evidentiary support because of certain testimony given by one of the plaintiffs. That testimony tended to indicate a woman employee of the defendant who delivered the checks had told plaintiff the checks were to be credited to the insurance account. The defendant argues this testimony was wrongfully admitted because no agency relationship had been established between the defendant and the woman employee prior to the admission of that testimony. Were this the only evidence the trial court based its finding on, the defendant's argument would be well taken. But that is not the situation here, for it is apparent the trial court based its finding on other evidence in addition to that objected to by the defendant.

The defendant also challenges finding 24 for the reason that the trial court refused to allow the defendant to state his views on which account the checks were to be applied. Our review of the record shows the trial court quite properly cut off this inquiry solely because the questions were leading. For these reasons, we must conclude there was credible evidence to support finding of fact 24, and it must stand.

The judgment order entered below in part provides:

"Judgment is granted to the Plaintiffs in the amount of One Thousand Eleven and 83/100's ($1011.83), with interest thereon of Four Hundred Forty-Two and 67/100, and taxable costs of Sixteen and 80/100 ($16.80), making in the aggregate One Thousand Four Hundred Seventy-

one and 30/100 ($1471.30), execution to issue thereon forthwith."

Under the state of facts, interest can only be recovered in this jurisdiction as provided by Vermont laws. 9 V.S.A., Chapter 4, §§ 41–50. *Pioneer Credit Corp.* v. *Carden,* 127 Vt. 229, 236, 245 A.2d 891 (1968). The interest, as computed, cannot be approved.

The judgment order must be reversed and the cause remanded for a recomputation of the amount due.

*The cause is remanded for a new judgment order in favor of the plaintiffs.*